SOMMERVILLE, J.
Plaintiff sues defendant for an alleged assault and battery, criminal in its nature, upon his minor daughter; while she and defendant were alone in the business establishment owned and operated by plaintiff and defendant jointly.
*597 Defendant answered, denying each and every allegation concerning said alleged assault.
There was judgment in favor of defendant, dismissing plaintiff’s suit at his cost. Plaintiff has appealed.
The case presents only questions of fact, which were testified to by plaintiff’s minor daughter with great circumstantiality and detail, and denied by defendant with equal positiveness and clearness. The testimony of plaintiff’s daughter is corroborated to a certain extent by that of her mother, and of a younger sister, who were in the house on an upper floor, at the time of the alleged assault, but were not present at the alleged occurrence. They testify to having heard' the young girl scream. The mother and the older daughter both testified to having heard the defendant confess to plaintiff, the husband and father', that he had perpetrated the dastardly assault, and that he asked to be forgiven therefor. But plaintiff failed to take the witness stand to testify concerning this alleged confession; and from a reading of the testimony in the record, the conclusion is irresistible that no such confession was made by defendant to the plaintiff.
The testimony of the daughter of plaintiff, her mother and her sister, together with that of her brother-in-law, who were the principal witnesses on behalf of plaintiff, is not of such character as to impress the court that it was genuine and true. The judge of the district court who saw and heard the witnesses was of the opinion, according to the statement on the brief of plaintiff, that the plaintiff had failed to make out a case. And, under such circumstances, the court is reluctant to set aside the judgment appealed from.
The defendant introduced a number of witnesses to prove an alibi, and he succeeded. Although the witnesses of plaintiff could not be made to fix the exact time of the alleged commission of the offense complained of, defendant was successful in producing witnesses showing his exact whereabouts away from the place mentioned in the testimony of plaintiff’s witnesses, about the time stated by them in their evidence.
With such showing in the record, the judgment appealed from will not be disturbed.
Judgment affirmed.
MONROE, C. J., dissents.
O’NIELL, J., concurs in the decree.