Plaintiffs, being husband and wife, owned the northwest quarter (N.W. 1/4) of the southeast quarter (S.E. 1/4) and a strip containing six (6) acres off of the south side of the southwest quarter (S.W. 1/4) of the northeast quarter (N.E. 1/4), section 13, township 22 north, range 11 west, in Webster Parish, which is traversed northerly and southerly by the track of the Louisiana Arkansas Railway Company. *Page 669 
The railway company contracted with W.B. Delafield to restore its embankment through plaintiffs' property and elsewhere to standard crown widths, and work under this contract was done during the month of November, 1942. This work required the removal of dirt to the sides and upon the crown of the embankment. While the work was in progress on the right-of-way through plaintiffs' land, the grass in their pasture adjacent to the west side of the right-of-way caught fire and burned over an area of approximately eight (8) acres, consuming a small barn thereon, before the fire's progress was arrested.
Plaintiffs instituted this suit against Delafield and the railway company to recover damages, below itemized, alleging that the same grew out of and arose from the negligence of their agents and employees in consummating said work, to-wit:
Destruction of one barn ............................... $ 700.00 Damage to timber, young trees and seedlings ....................................... 50.00 Damage to pasture ..................................... 50.00 Destruction of woven wire fence on east side of right-of-way ........................ 200.00 Trespass upon the land ................................ 500.00
-------- Total ............................................. $1,500.00
The answer of the railway company is a general denial save it admits that it contracted with Delafield to restore its embankment on the right-of-way through plaintiffs' land to standard crown widths and that work under the contract had been done. This defendant specially pleads that if any damage was inflicted upon plaintiffs' property in the performance of said contract, Delafield alone is responsible therefor. Availing itself of a covenant of the contract with Delafield, he was called in warranty. The call was not put at issue, and, therefore, passed from the case.
Delafield, answering, denied that plaintiffs suffered any damage from the negligence or carelessness of his agents and employees while executing the contract with the railway company or otherwise.
There was judgment against Delafield for plaintiffs as follows:
Damage to fence ........................................ $100.00 Destruction of barn .................................... 25.00 Damage to pasture and timber ........................... 50.00
-------- Total .............................................. $175.00
The suit as to the railway company was dismissed and plaintiffs' demand as against it, rejected. Delafield appealed suspensively. Answering the appeal, plaintiffs asked for increase in the damage award to the amount for which sued. No complaint is registered by them against that part of the judgment rejecting their demand against the railway company.
Plaintiffs lived on the land involved herein, but both were absent when the fire occurred. They had to depend upon the testimony of others, including Delafield's foreman, to establish their case. The testimony, as a whole, as the lower court found, is somewhat indefinite. It lacks much of the certainty all courts wish to see in a case before finally passing upon the rights of the parties involved. However, in written reasons for his judgment, the trial judge reached the conclusion that the fire was started by one or more of Delafield's employees on the right-of-way of the company and was negligently permitted to spread upon plaintiffs' property, inflicting damage before it was put out. Our study of the record fails to convince us of error in this conclusion. It is apropos here to invoke the well established and recognized rule of evidence that the failure of a litigant to introduce witnesses having knowledge of pertinent facts, when such witnesses are under his control and their whereabouts known to him, should be weighed against such litigant. In such circumstances, the presumption arises and will be applied that if such witnesses had been introduced their testimony would have been unfavorable to the side that was in a position to produce them in court. Twenty or more of Delafield's employees were at work when the fire occurred. He did not take the stand, nor were any of the employees used as witnesses by him.
There is no serious dispute that one-fourth of a mile of plaintiffs' wire fencing along the right-of-way was destroyed, or practically so, by the teams and machinery used by Delafield in raising and widening the embankment. This fence consisted of woven wire 28 inches high and 4 strands of barbed wire.
The court's valuation of this fencing at $100 is assailed. It is shown that new wire, both kinds, will cost $41, and the posts $52. It is claimed by plaintiffs that labor to rebuild the fence would amount to $100. These three items aggregate $193. The *Page 670 
lower court's assessment of damages on this score is practically one-half of this total.
The fence discussed was old. Plaintiffs would not be entitled to recover the cost of a new fence which they will have to erect. The lower court's fixing on this element of damages does not appear excessive nor inadequate. We are not disposed to disturb it.
The testimony touching the value of the old barn that was burned is the most astounding we have ever read. The value as fixed by the witnesses ranges from $700 to nothing. Mr. Newman is positive in his testimony that the barn was well worth $700. Disinterested witnesses say it was old and dilapidated and worthless. We are sure it was a poor excuse for a barn. The main portion of it, being a pen 14' x 14', was built in 1912 of poles. Sheds had been added. It is shown that a tree 6" in diameter had grown up in the center of the original pen. Surely this building had little value. We adopt the value thereof as fixed by the trial judge.
The fire burned the grass on the pasture and killed many small trees thereon. It is quite difficult to accurately fix a measure of damage in such circumstances, but surely some damage arose from the fire. The allowance of $50, all things considered, seems fair. We could give no good reason for altering this allowance.
For the reasons herein assigned, the judgment appealed from is affirmed with costs.