This is a suit for damages for physical assault in which the plaintiff, Edwin R. Thornton, claims $40,000. There was judgment below dismissing plaintiff's demand and he has appealed.
It appears from the record that John Lingle is the owner and proprietor of a rooming house at 701 1/2 Bourbon Street, in which some eleven or twelve persons are tenants, one of whom, the plaintiff, Thornton, was reprimanded and, according to his statement, beaten by Lingle for having a quantity of trash on the stairs and in the hallway leading to his room.
There were five witnesses to the alleged assault: plaintiff and defendant, plaintiff's wife, Mrs. Grace Thornton, William Cook, another roomer, and Charles C. LeFrancois.
Thornton, who is seventy-two years of age and unemployed, together with his wife, occupied one of the rooms in Lingle's house. Cook complained to Lingle about certain trash having been deposited in front of Thornton's door, whereupon Lingle remonstrated with Thornton. According to Thornton he was struck violently in the right side of the face by Lingle the moment he appeared in his doorway, and knocked to the floor with the result that his hip was broken and he was otherwise seriously injured. In his petition Thornton stated that after he had been knocked to the floor he was kicked by Lingle, but when on the stand, under cross-examination, he withdrew this statement, though on redirect examination he again stated that Lingle had kicked him after having knocked him to the floor. Thornton was wearing glasses at the time of the alleged attack, which he describes as so violent as to resemble the kick of a mule.
Mrs. Thornton, as a witness, corroborated her husband's statement.
Lingle denied having struck Thornton, but admitted having cursed him in connection with the trash in the hallway. He stated that when Thornton appeared he had a raised cane in his hand and attempted to strike him, whereupon he pushed Thornton causing him to fall.
Cook and LeFrancois corroborated Lingle.
Thornton's statement is supported by that of his wife and Lingle's by the other two witnesses. Mrs. Thornton, however, accompanied Lingle to the office of his lawyer and there signed a statement, under oath, in which it was declared that her husband had brought this suit against Lingle upon "false facts and allegations which I think is unjust". She further stated "I saw everything that happened that day and Mr. Lingle was not at fault for what happened as he certainly did not intend to hurt my husband, but only intended to defend himself". This statement is sworn to before H.C. Vosbein as notary public. As she was leaving Mr. Vosbein's office, after having made the statement, Lingle presented her with $50.00, which he claimed to be a gift to enable her to purchase "some groceries". Mrs. Thornton repudiated her sworn statement before Mr. Vosbein and declared that there was not a word of truth in it, although she admitted having been in Mr. Vosbein's office and having signed it. Her explanation of the occurrence is that an intermediary, whom she does not name, and, who was not produced as a witness, approached her in an attempt to settle the case for $3,000.00 and that the $50.00 given her by Lingle was simply a payment on account, the balance of which Lingle declined to pay her. This explanation reveals a desire on her part to collect money *Page 167 
from Lingle, but is far short of an explanation of her contradictory sworn statements.
Lingle, who is forty-two years of age, weighing over two hundred pounds, testified that he only acted in self defense and that when Thornton attempted to strike him with the cane, he pushed him away after having parried the blow and that he did not know that Thornton was injured until later, because, when Thornton was on the floor he complained only of Cook's conduct without mentioning any injury. Lingle, who was charged in the Criminal District Court with battery pleaded guilty and paid a fine of $100.00, which he claims to have done because of the unfavorable notoriety given the occurrence by the newspapers.
Lingle appears in anything but a favorable light according to his own testimony. The incident in connection with Mrs. Thornton's affidavit and his explanation of the payment of $50.00 "for groceries" is none too convincing, as is his explanation of his plea of guilty in the Criminal District Court, nevertheless, the plaintiff stands alone for we cannot put any credit in his wife's testimony in view of her conduct. Moreover, Thornton's story is not free from blemish for in his petition, which he claims to have read, he charges Lingle with having kicked him after he fell or was knocked to the floor and then on cross-examination withdrew this statement. Thornton claims he was wearing glasses when struck so violently, yet his face was not cut nor were the glasses splintered as would be expected under the circumstances. They were broken or damaged but not in a manner consistent with such a violent blow as he describes.
[1-3] Finally we agree with the learned Judge of the Trial Court in his appreciation of the evidence as being unsatisfactory, doubtful and unworthy of belief. The burden of proof, however, rested upon the plaintiff and it cannot be said, in view of the record before us, that he has sustained it. If it has been established by a reasonable preponderance of the evidence that Lingle, a forty-two years old man, weighing over two hundred pounds, had struck a feeble, sick, seventy-two year old man without cause or provocation, as is contended by Thornton, we would have been obliged to find the defendant responsible in substantial damages for the serious injuries which plaintiff suffered. As the record stands, we have only Thornton's questionable statement that he was attacked without provocation against Lingle's questionable evidence that he merely defended himself against Thornton's attack, plus the evidence of two other witnesses in substantial corroboration of his statement. Moreover, it should be noted that this case involves simply a question of fact and under a familiar rule of appellate procedure the judgment of the trial court will not be disturbed unless manifestly erroneous, consequently, and
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.