## LOUISIANA POWER & LIGHT CO. v. SUTHERLAND SPECIALTY CO., Inc.

No. 13580.

United States Court of Appeals
Fifth Circuit.

March 4, 1952.

Rehearing Denied April 1, 1952.

J. Raburn Monroe, Jack A. Bornemann, New Orleans, La., for appellant.

Pat F. Bass, New Orleans, La., Horace R. Reid, Hammond, La., for appellee.

Before JOSEPH C. HUTCHESON, Chief Judge, and RUSSELL, and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Found liable for fire damages to merchandise, furniture and fixtures, and to the warehouse housing them, and adjudged to pay $44,158.01,[1] defendant is here complaining of the award only as respects the amount allowed as the reproduction cost of the warehouse.

Its point is that since the evidence did not show, and the court did not find, the market or the fair value of the damaged building, the award of $15,481.87 is without legal basis, and the judgment must be reduced by that sum. In the alternative, it insists that if, notwithstanding the complete absence of evidence of the market value of the building at the time of its damage, except the proof of the cost of land and building four years before, $6000, and of proof that it had no market value and what its fair value was, it would be admissible to arrive at the amount of plaintiff's damage by resort to the evidence in the

---

1. As set down in the judge's findings, this amount was made up as follows:

The reproduction cost of the warehouse of the Sutherland Specialty Company, Inc., prior to its destruction by fire on February 12, 1948, was $15,481.87.

The value of the inventory located in said building destroyed by fire amounted to the sum of $26,621.61.

record,[2] the award for the building could not exceed $5000.

■ In support of its general contention that the burden was on the plaintiff to prove its damage, it cites many authorities from Louisiana and elsewhere. Indeed, appellee, in its brief, concedes that it had the burden of proof.

In general support of its position, that proof of what it would cost to reproduce an old building, without proper allowance for depreciation, is not proof of the market or fair value, and a finding of such reproduction cost is not a finding of such value, it cites many authorities from Louisiana and elsewhere, including 15 Am. Jur., "Damages", § 114. A cited case particularly in point is Williams v. Faria, 112 Cal.App. 455, 297 P. 78, 82. In that case it was necessary for the court to determine the damages suffered by the plaintiff, as a result of the destruction by fire of a silo and barn. The court, in discussing the evidence presented by the plaintiff, as to the value of these buildings, stated in part: "In the case at bar, as we have stated, there is no evidence whatever showing the extent of the depreciation of the destroyed buildings. There is, in fact, no evidence whatever as to their condition, except the expression of an opinion of one of the witnesses. There is no evidence whatever of the value of the buildings at the time of their destruction. The court in its findings fixed the value at $1,250. There is not a scintilla of evidence in the record indicating that the figure fixed by the court was the value of the buildings at the time of their destruction. For all that the record shows, the finding of the court is based upon the mere expression of opinion of one witness, that the reasonable cost of replacing the silo would be the sum of

$700, and the reasonable cost of replacing the barn would be the sum of $1,600. The cases which we have cited, and the cases reported in the annotations found in 7 American Law Reports, beginning on page 277, are all to the effect that such testimony is insufficient to support a finding of the value of the destroyed building."

In Newman v. Louisiana & A. Ry. Co., La.App., 19 So.2d 668, 670, where plaintiff claimed a new fence and the proof showed it was an old one, the court said: "The fence discussed was old. Plaintiffs would not be entitled to recover the cost of a new fence which they will have to erect. The lower court's finding on this element of damages does not appear excessive nor inadequate. We are not disposed to disturb it."

■■ The evidence in this case shows that a substantial part of the building had been erected in 1916 and additions made in 1938. Appellee, in his belatedly filed brief, presents neither authorities nor reasons effectively countering appellant's position that upon the evidence presented on this trial the award for the building was unjustified and may not stand. We are therefore of the clear opinion that unless appellee will consent to remit all but $5000 of the $15,481.47 awarded for the building, the judgment should be reversed and the cause remanded for retrial of that issue alone, with costs of appeal taxed against appellee.

If, within fifteen days from the entry hereof, appellee files such remittitur, the judgment will be accordingly modified and, as modified, will be affirmed, costs of appeal to be equally divided. In default of such filing, the judgment will be reversed and remanded on the one issue, with costs taxed against appellee.

---

The value of the furniture and fixtures destroyed in the building and belonging to the Sutherland Specialty Company at the time of the fire amounted to the sum of $2,054.53.

2. (a) Book value $4,584.02;

(b) Assessed value $500 with due allowance for under assessment;

(c) The insurance carried on it, $5000;

(d) The reconstruction cost new $15,-481.87 less 3% depreciation—$4000 to $6000, according to the rate used.