REGAN, Judge.
The plaintiff, Nicholas M. Ross, the owner and operator of a Pontiac automobile, instituted this suit against the defendants. Ruben Spiers, the owner of á Chevrolet Sedan, operated by his son, Gerald Spiers, and his liability insurer, American Automobile Insurance Company, endeavoring to recover the sum. of $280.92, for property damage incurred to his automobile, as a result of a collision in Magazine and Eighth Streets on . December 25, 1953, at twelve o’clock midnight.
Defendant answered and denied .that Gerald Spiprs was guilty of any negligence, but on the contrary the collision resulted from the gross negligence of the plaintiff in attempting to execute a left turn into Eighth Street and, in consequence thereof, drove into the path of defendants! vehicle; in the alternative, defendants pleaded the contributory negligence.of the plaintiff.
From a judgment in favor of plaintiff as prayed for, defendant has prosecuted this appeal.'
The record reveals the usual controversial versions of the manner in which the accident occurred. Plaintiff relates that he was driving in Magazine Street in the general direction of Audubon Park and when he reached Eighth Street it was his intention to make a left turn towards the river, however, he stopped in the lake side traffic lane of Magazine Street and awaited the passage of defendants’ vehicle which was approaching him in the river side lane of Magazine Street and was then approximately one block away “zigzagging along the road.” While plaintiff’s vehicle was stopped the left side thereof.was struck or “sideswiped” by the Spiers vehicle.
Defendants’ version of the collision is that Gerald Spiers was driving in Magazine Street about 35 miles per hour in the general direction of Canal Street, and that plaintiff executed a left, turn from Magazine Street into Eighth Street directly into the path of *562 his vehicle and that the collision was unavoidable due to the very proximity of the respective vehicles.
The record reflects that the left front and sides of both vehicles were damaged.
The trial judge obviously accepted the plaintiff’s version of the accident and, accordingly, awarded judgment in his favor. We have made a careful examination of the record and we find no error in the judge’s conclusion.
We are convinced from the context of the record that the accident occurred as the result of Gerald Spiers’ gross negligence in running into plaintiff’s automobile while it was stopped in the lake side lane of Magazine Street awaiting the passage of Spiers’ vehicle before endeavoring to execute a left turn into Eighth Street, and there is not one scintilla of evidence in the record indicating that plaintiff was guilty of any negligence which contributed to the collision and this conclusion’is substantiated by the only disinterested witness who testified in the case.
Defendants, on appeal, in endeavoring to reverse the judgment of the trial court, have relied on a familiar rule of law embedded in our jurisprudence to the effect “that where a litigant fails to produce a material witness without explanation of the reason therefor, the presumption arises that had the witness been produced his testimony would have been unfavorable to the litigant.” Employees Fire Insurance Company v. Vincent, La.App., 52 So.2d 90, 92, and they point out that since plaintiff did not produce a passenger who was an occupant of his car when the collision occurred and made no explanation for his absence, that the only logical conclusion that can be drawn therefrom is that his testimony would have been unfavorable to the plaintiff.
Plaintiff’s counsel explain, in brief, that they were completely unaware of the existence of this passenger and that knowledge thereof was acquired when this fact was elicited from the plaintiff during the course of cross-examination by defendants’ counsel. They suggest that perhaps we should have asked the court to continue the matter as an open case to give us the opportunity to subpoena him, but we felt that we had enough evidence to prove our case.”
We can conceive of other cases wherein a strong inference could be drawn from the failure of this witness to testify, but in view of the physical damages incurred to the left sides of the respective vehicles we are unable to draw any inference that would lend credence to defendants’ version of the accident, for if plaintiff had initiated or executed a left turn and driven into the path of defendants’ vehicle, as they insist, then this damage would surely have been to the right side of plaintiff’s car.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.