No. 18,227.

H. L. JOHNSON, D/B/A THE H. L. JOHNSON TRUCKING
COMPANY *v.* BOARD OF COUNTY COMMISSIONERS
OF MORGAN COUNTY.
(336 P. [2d] 300)

Decided January 19, 1959.

March 23, 1959, on rehearing, original opinion adhered to.

Messrs. WORMWOOD, O'DELL & WOLVINGTON, for plaintiff in error.

Mr. C. H. ANDERSON, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THE parties appeared in reverse order in the trial court. We will refer to the plaintiff in error as the trucking company and defendant in error as the county.

The county brought suit against the trucking company for the negligent destruction of a bridge built and owned by the county and maintained for travel on one of the Morgan County roads. From a judgment entered after a jury verdict in favor of the county in the sum of $4019.38 the trucking company brings the case here by writ of error. The findings of the jury that the trucking company was negligent in overloading one of its trucks so as to break down the bridge is not here challenged.

Two points are urged for reversal: 1. That the court erred in refusing to permit the trucking company to present the testimony of an expert witness as to the condition of the bridge and its depreciated value and his opinion of its actual value at the time of destruction; and 2. that the court erred in giving one instruction, and refusing an instruction tendered by the trucking company on the measure of damages.

■ On the question of damages the court clearly misconceived the rule applicable to the measure of damages under the facts disclosed by the record. It excluded testimony offered by the trucking company which would tend to establish the reasonable value of the bridge at the time of destruction. The company attempted to elicit this evidence through an expert who examined the records of the county concerning the history of the bridge and various repairs including a record of materials used over the years. The bridge was thirty years old, was of wood construction and had been repaired in 1949, 1950 and 1953 before it was broken down by the trucking company's overloading in 1955. The witness, an experienced design and construction engineer who had been properly qualified as an expert in that field, stated that he was in position to give an opinion, based upon his examination of the construction and maintenance records and his experience and knowledge of costs and related matters, of the actual value of the bridge in question on June 22, 1955, the date of the damage. He was not permitted so to do by the court. This was error.

■ The true measure of damages was the value of the bridge on the date of its destruction, and any evidence that would tend to enlighten the jury as to that question was admissible, its weight and sufficiency to be determined by the jury under proper instructions.

The court further compounded the error by giving instruction No. 4 as follows:

"You are instructed that the proper measure of damages which a highway bridge may sustain is the *actual cost* of replacement of such bridge in the condition it was at the time the injury occurred." (Emphasis supplied.)

■ This instruction is erroneous. It is contradictory. If it is true that the measure of damages is the condition of the bridge and its value at the time of the injury, its "actual cost of replacement" is not the measure of damages.

The trucking company offered its tendered instruction No. 1 as follows:

"You are instructed that the plaintiff is entitled to recover only the reasonable value of the bridge, which is the subject matter of this suit. In ascertaining these damages you may not consider the amount of money actually expended for the new bridge, but you shall consider the type, quality and amount of material in the bridge that was damaged, the reasonable value of the labor in constructing such a bridge, and shall bear in mind the age, depreciation and condition of the bridge that was destroyed."

We believe this tendered instruction predicated upon evidence that would have been before the jury — had it not been excluded by the court — expressed the proper measure of damages in this particular case and should have been given.

In 25 C.J.S. 807, paragraph 157 a (2), in commenting on damages, we find the following:

"In establishing the actual or intrinsic value of property having no market value, wide latitude in the evidence is permissible, and resort may be had to any facts which fairly tend to show such actual value. Thus, in determining the actual or intrinsic value of such property, or its value to the owner, it has been held proper to admit evidence showing the original cost, the replacement cost, the age of the property, its use and utility, and its condition."

In the case of *Shell Oil Co., Inc. v. Jackson County*, Tex. Civ. App. (1945), 193 S.W. (2d) 268, there is considerable discussion as to the age of the bridge and whether replacement was of similar character. The court said:

"* * * It would, of course, be a simple thing for an engineer to determine the present day cost of erecting a bridge where the old bridge has been destroyed, and by figuring obsolescence according to accepted methods or

standards to determine the value of a bridge at the time it was injured. * * *"

In *Newman v. Louisiana & A. Ry. Co.,* La. App. (1944), 19 So. (2d) 668, the matter under consideration was the proper measure of damages for the destruction of a fence. The court said:

"The fence discussed was old. Plaintiffs would not be entitled to recover the cost of a new fence which they will have to errect. * * *"

In this case the bridge was old to the point of obsolescence; had been frequently repaired by used material, and had to be replaced by a new structure. The jury in returning its verdict awarded to the county the cost of a new and modern bridge to replace the one destroyed. As a consequence the award was excessive.

Accordingly, the cause is reversed and remanded for new trial on damages only with the court to permit evidence on both sides and proper instruction to the jury in harmony with the views herein expressed.

MR. JUSTICE FRANTZ does not participate.