174 So.2d 189 (1965)
McCliney Ray VEILLON, Plaintiff and Appellant,
v.
Oscar SYLVESTER, Jr., and Jerry Sylvester, Defendants and Appellees.
No. 1387.
Court of Appeal of Louisiana, Third Circuit.
April 19, 1965.
*190 Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
Fruge & Foret by Jack C. Fruge, Ville Platte, for defendants-appellees.
Before CULPEPPER, SAVOY and HOOD, Judges.
HOOD, Judge.
This is an action for damages for an unprovoked assault and battery which is alleged to have been committed on the person of plaintiff by the defendants, Oscar Sylvester, Jr. and his twenty-six year old son, Jerry Sylvester. After trial, judgment was rendered by the trial court rejecting plaintiff's demands, and plaintiff has appealed.
The incident which gave rise to this suit occurred between 9:00 and 10:00 p.m. on October 4, 1963, at an establishment known as the "Jungle Lounge," in Evangeline Parish. Plaintiff was a deputy sheriff of that parish, and at that time he was assigned to work in this lounge. A part of his remuneration was paid by the owners of the lounge, and his duties were to assist in selling tickets for admission to the dance floor and to keep peace in and on the premises. At the time of the alleged assault, he was wearing the uniform of a deputy sheriff and he was carrying a pistol, a blackjack and a wooden club.
Shortly before the incident took place, plaintiff was standing near a door which led from the bar to the dance floor, the dance floor being located in the rear portion of the building. The defendants approached plaintiff, and the three of them became engaged in a conversation which developed into an argument and then into a fight or physical encounter. A number of other people became involved in the fracas which lasted for about forty-five minutes. All of this occurred in the lounge and dance hall of the above-mentioned establishment, in the presence of many people.
Plaintiff contends that immediately before the fight began he told defendants that he would have to put them out, and he thereupon put his hand on the shoulder of Jerry Sylvester for the purpose of ejecting him from the building. Oscar Sylvester then struck plaintiff on the side of the head with his fist, and immediately thereafter the other defendant joined Oscar in beating plaintiff about the head and body with their fists. Plaintiff takes the position that the defendants were the aggressors, that the attack was unprovoked, and that the defendants are thus liable for the damages which plaintiff sustained.
Defendants gave an entirely different version of the facts: They testified that following a relatively minor argument with plaintiff, they started to leave the dance hall, and that as they were leaving plaintiff without provocation struck Jerry Sylvester on the head and body several times with a wooden club and with a pistol. Oscar *191 Sylvester turned to assist his son, and plaintiff thereupon struck Oscar upon the head and shoulder with the club. Oscar Sylvester then wrested the club from the plaintiff, gave it to the club manager, and thereafter he struggled with plaintiff for possession of the pistol which he thought plaintiff intended to use on defendants. Defendants maintain that during the prolonged altercation or scuffle which ensued, they did nothing more than was necessary to defend themselves, that Oscar Sylvester did not strike plaintiff at any time until long after the fracas had been in progress, and even then that he struck plaintiff only one time while plaintiff was attacking him with a club and pistol. Defendants contend that plaintiff was the aggressor and that he thus is not entitled to recover for the damages which he sustained.
The trial judge concluded that plaintiff had failed to carry the burden of proving his case by a preponderance of the evidence, and judgment accordingly was rendered in favor of defendants, rejecting plaintiff's demands.
We agree with the conclusions reached by the trial judge. This incident took place in the immediate presence of a large crowd of people. A number of those who were present were called as witnesses at the trial, and yet only one person, aside from plaintiff himself, testified that the first blow was struck by a defendant. The trial judge rejected the testimony of that witness for reasons which we think are sound and which are fully supported by the record. The testimony of the other eyewitnesses indicates that plaintiff, rather than either of the defendants, was the aggressor. The evidence shows, for instance, that immediately before the physical encounter began plaintiff left the defendants, went to the bar, obtained a wooden club, returned to the defendants and immediately thereafter he struck someone with the club. Defendants contend that Jerry Sylvester was struck at that time. It was established that Jerry Sylvester was injured and was bleeding about the head immediately after the fracas began, and he was promptly pulled away by one of the owners of the lounge and was restrained from re-entering the fracas thereafter. We think the testimony of the eyewitnesses also establishes that during the first part of the altercation Oscar Sylvester was engaged primarily in struggling with plaintiff for possession of the pistol, and not in striking plaintiff.
The law is settled that a plaintiff cannot recover damages for assault and battery if he is found to have been at fault in provoking the difficulty in which the injury is received. Oubre v. Judice et al., La.App. 3 Cir., 147 So.2d 745; Brown et al. v. Lambert et al., La.App. 1 Cir., 71 So.2d 410; Ashley v. Baggett, La.App. 2 Cir., 53 So.2d 678; Smith v. Clemmons et al., La.App. 1 Cir., 48 So.2d 813.
In an action for damages for assault and battery the burden is upon plaintiff to establish by a preponderance of the evidence that such an assault occurred and that he was not at fault in provoking the difficulty which led to the assault. Gorum v. Henry, 138 La. 596, 70 So. 526; Wilkins v. Nugent, La.App. 2 Cir., 108 So.2d 5; Brown et al. v. Lambert et al., supra; Thornton v. Lingle, La.App.Orl., 30 So.2d 165; Ponthieu v. Coco, La.App. 2 Cir., 18 So.2d 351.
In Brown v. Lambert, supra, where plaintiff sought to recover damages for assault and battery, the court said:
"The evidence is so conflicting as to who was the aggressor, and the burden of proof being on the plaintiffs, they have failed to prove their case by a fair preponderance of the evidence. * * *"
And in Oubre v. Judice, supra, where the same type of action was involved, we said:
"The trial judge found it impossible from the evidence adduced on the trial of this case to determine which party was at fault and thus denied plaintiff's demands. For the same reasons he *192 denied the demands of Judice in the companion suit.
* * * * * *
"As concluded by the trial court, both plaintiff and Judice were responsible for this unfortunate fight. Accordingly, neither plaintiff nor defendant should be allowed to recover for the injuries which they received." (147 So.2d pp. 746, 747)
In the instant suit we think the trial judge correctly held that plaintiff has failed to establish that either of the defendants was the aggressor, or that plaintiff was not at fault in provoking the difficulty which led to the alleged assault.
Plaintiff argues further that since he was a deputy sheriff on duty at the time the incident occurred, there is a presumption that he, as a public officer, was performing his duties and that his acts were regular, legal and authorized by law. We agree with plaintiff that such a presumption does arise under those circumstances. Vaughan v. Dowling et al., 243 La. 390, 144 So.2d 371; LaFleur v. Roberts et al., La.App. 3 Cir., 157 So.2d 340; Sweet v. Brown, La.App. 3 Cir., 125 So.2d 261; Wright et al. v. Cyprian, La.App. 1 Cir., 96 So.2d 882; Jones v. Alford, La.App. 2 Cir., 172 So. 213. This presumption, however, is rebuttable. In the instant suit, the evidence indicates that plaintiff exercised more force than was necessary in the performance of his duties. See Stoehr v. Payne, 132 La. 213, 61 So. 206, 44 L.R.A., N.S., 604. Regardless of whether his actions were legal and authorized by law, we think it is clear that he provoked the difficulty which led to any assault which may have been made on him by defendants, and that he thus is prevented from recovering damages.
Plaintiff also contends that the failure of defendants to call Jimmy Sylvester as a witness creates a presumption that the testimony of that witness would be unfavorable to the defendants. Jimmy Sylvester is a sixteen year old son of Oscar Sylvester, Jr. The evidence shows that he was in the bar of the Jungle Lounge at the time the altercation began, and that he became a participant after it had been in progress for some time.
The applicable rule of law is that the unexplained failure of a litigant to call a witness who possesses peculiar knowledge essential to that party's cause, which witness is available to him and is under his control, raises the presumption that the witness's testimony would be detrimental to the party's cause. King v. Jarvis, La.App. 4 Cir., 144 So.2d 616; Rigouts v. Larkan, 244 La. 479, 153 So.2d 363; Newman et al. v. Louisiana & A. Railway Company et al., La.App. 2 Cir., 19 So.2d 668.
In this instance, since there is no evidence to the contrary, it is presumed that Jimmy Sylvester was available to the defendants, and because of his close relationship to them he may be considered to be under their control. Under those circumstances, we think a presumption is warranted that the witness would have testified unfavorably to defendants' cause if he had been called. See Employers' Fire Insurance Company v. Vincent, La.App.Orl., 52 So.2d 90, and Monk v. Monk, 243 La. 429, 144 So.2d 384. The important issue presented here, however, is whether the defendants were the aggressors in the fight, and the evidence does not show that Jimmy Sylvester was in a position to see who struck the first blow or who was the aggressor at the time the altercation began. Since it has not been shown that Jimmy Sylvester possessed peculiar knowledge essential to the defendants' cause, we conclude that the unfavorable presumption which attaches to defendants' cause because of their failure to call this witness is not sufficient to supply the proof and thus to establish that defendants were the aggressors in this altercation.
*193 For the reasons herein assigned the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.