DOMENGEAUX, Judge.
This appeal arises from a suit to enforce specific performance of a contract of sale filed by Ray Chevrolet-Olds, Inc., plaintiff-appellant, against Helene H.K. Garbarino, defendant-appellee. The plaintiff brought this suit to recover the purchase price of a 1983 Oldsmobile Regency automobile which it claims the defendant purchased from the plaintiff. The defendant countered by claiming that the automobile delivered to her by plaintiff was not the vehicle she had agreed to purchase. The district judge dismissed the plaintiff’s case.
Upon making the decision to purchase a new automobile, Mrs. Garbarino initially visited Wilson Motors, an Oldsmobile dealership in Lake Charles. Mr. Steve Fox, a salesman for Wilson Motors, assisted Mrs. Garbarino while she shopped at the dealership. Mrs. Garbarino and Mr. Fox testified that Mrs. Garbarino found an automobile which she wished to purchase on the Wilson lot; however, she was informed that this automobile had been committed to another buyer and was not available for sale. The automobile Mrs. Garbarino saw at the Lake Charles dealership was a light sand grey exterior color with a maple top and interior.
Mrs. Garbarino decided that if the vehicle would be ordered, she would prefer to order it through the Oldsmobile dealership in Jennings, an agency with whom she had dealt for some twenty years. To further assist Mrs. Garbarino, Mr. Fox wrote the color “light sand grey metallic, maple top,” on the back of his business card and gave it to Mrs. Garbarino.
During the same time period, the plaintiff, Ray Chevrolet-Olds, Inc., was in the process of purchasing the Jennings Oldsmobile dealership. Therefore, in order to maintain her business dealings with the Jennings dealership, the defendant contacted the plaintiff dealership about the purchase of a car.
Mr. and Mrs. Garbarino met with the plaintiff’s sales manager, Mr. Roger J. Gu-ilbeau, Jr. on a Sunday. Mrs. Garbarino testified that there was no automobile of the color that she wanted available on the plaintiff’s lot so she decided to place an order for a car.
At this point in our narrative the facts come into dispute.
Mrs. Garbarino claims that she ordered a light sand grey automobile. Mr. Guilbeau, the plaintiff’s sales manager, testified that light sand grey was never mentioned and after consulting a color chart Mrs. Garbari-no ordered a silver car. Needless to say, a silver car was ordered for Mrs. Garbarino.
Several weeks later Mrs. Garbarino was advised that her vehicle was available for delivery. Mrs. Garbarino and her husband went to the dealership in Abbeville to pick up the auto at about 11:00 A.M. on June 15, 1983. Upon arriving at the plaintiff’s place of business they were informed that Mr. Guilbeau was not in and so they went to lunch and returned to the dealership at about 2:30 P.M. when Mr. Guilbeau had returned.
Mrs. Garbarino testified that June 15, 1983, was a rainy, overcast day and that she looked at the car under the lights of the dealership showroom.
*376 Defendant and Mr. Guilbeau then removed to Mr. Guilbeau’s office to discuss the sale price and a bug screen and large spare tire which were to be added to the automobile. Mrs. Garbarino testified that she had expected and intended to pay for the automobile through the Regency Oldsmobile dealership which plaintiff was opening the following week in Jennings. However, she was required to purchase the car through Ray Chevrolet-Olds, Inc.
Mrs. Garbarino wrote a check for the auto and drove it back to Jennings. She testified that upon arriving at home and on further inspection she realized that the automobile was not the color she had ordered.
Again there is conflict in the testimony as she stated that on Saturday night, June 18, 1983, she phoned Mr. Guilbeau and explained that the car was not the auto which she had ordered. Mr. Guilbeau denied having received a telephone call from Mrs. Garbarino.
In any event, the car was returned to the Jennings dealership on Monday, June 20, 1983, and Mrs. Garbarino put a stop-payment order on the check she had issued for the auto.
At the time of trial the auto remained at the dealership’s lot in Jennings.
The district judge dismissed the plaintiffs case. In his reasons for ruling the trial judge noted, “[t]he vehicle delivered to Mrs. Garbarino was not the vehicle she ordered and was delivered to her by misrepresentation of plaintiff and its employees and therefore, there was no agreement between the parties as to the sale.”
The plaintiff-appellant appeals the decision of the district court and files three specifications of error:
(1) The district court erred “in finding Plaintiff Appellant’s witness, Mr. Roger Guilbeau, unworthy of belief and in finding that Defendant Appellee was a credible and believable witness.”
(2) The district court erred in failing to find that plaintiff-appellant and defendant-appellee entered into a binding contract of sale.
(3)The district court erred in failing to rule that the failure of the defendant to call her husband as a witness creates a presumption that his testimony would have been adverse to the defendant.
SPECIFICATION OF ERROR NO. 1
The appellant argues that the district judge erred in finding that the appellant’s witness, Mr. Roger Guilbeau, was not a credible witness and that the defendant was a credible and believable witness. In essence the appellant wishes us to review the district judge’s factual determination.
In the district judge’s written reasons for judgment he provided insight and explanation as to why he believed Mrs. Garbarino’s account of the events which transpired in the sale transaction. He noted:
“Without going into any details, for the record will speak for itself as will his deposition, Mr. Guilbeau contradicted himself on numerous occasions to the extent that the Court did not believe him to be a credible witness and the Court could not rely on or believe his testimony.
On the other hand, this Court heard Mrs. Garbarino’s testimony and finds that her testimony was not only accurate, but was credible and believable.”
For an appellate court to overturn the factual determination of the district court it must find that the factual determination of the trial court is clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
What we have here is a common eviden-tiary dilemma: Two competing interested parties whose version of the facts are in conflict. Such a situation was envisioned by our Supreme Court when it held in Canter v. Koehring, 283 So.2d 716 (La.1973):
“the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of *377 fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.”
Here, the district judge observed the demeanor of both Mr. Guilbeau and Mrs. Garbarino as they testified, which placed him in a position to make a just determination of credibility.
Furthermore, a review of the record indicates that the district judge did not err in finding that Mrs. Garbarino’s narrative was more believable. Mr. Guilbeau’s testimony both at trial and during deposition contained vacillations and inconsistencies which obviously caused the trial judge to disbelieve him, especially when compared with the accuracies and sureness of Mrs. Garbarino’s testimony.
We can say after reviewing the record as a whole that the factual determination of the trial court is not clearly wrong.
SPECIFICATION OF ERROR NO. 2
The appellant contends that the district court erred in failing to find that the parties did not enter into a contract of sale when Mrs. Garbarino wrote a check in payment for the vehicle and took the vehicle into possession. The appellant asserts that regardless of the color of the vehicle she ordered, “it is clear that she purchased on the day of the sale the vehicle which she saw, test drove, gave a check in payment of and drove home. At this point, no matter what transpired before, a meeting of the minds and a contract was struck.”
The overall facts in this case cause us to disagree with appellant’s assertions. La.C.C. Art. 2439 defines sale and requires that for the perfection of a contract of sale three things must exist: the thing sold, the price, and the consent.
Based on the trial judge’s factual findings, we do not believe that Mrs. Garbarino had the requisite consent to enter into a contract of sale for the auto which was delivered to her. La.C.C. Arts. 1819, 1824, 1825, 1826, and 1827 govern this case. Those articles state:
“Art. 1819. Consent being the concurrence of intention in two or more persons, with regard to a matter understood by all, reciprocally communicated, and resulting in each party from a free and deliberate exercise of the will, it follows that there is no consent, not only where the intent has not been mutually communicated or implied, as is provided in the preceding paragraph, but also where it has been produced by—
Error;
Fraud;
Violence;
Threats.” •
“Art. 1824. The reality of the cause is a kind of precedent condition to the contract, without which the consent would not have been given, because the motive being that which determines the will, if there be no such cause where one was supposed to exist, or if it be falsely represented, there can be no valid consent.”
“Art. 1825. The error in the cause of a contract to have the effect of invalidating it, must be on the principal cause, when there are several; this principal cause is called the motive, and means that consideration without which the contract would not have been made.”
“Art. 1826. No error in the motive can invalidate a contract, unless the other party was apprised that it was the principal cause of the agreement, or unless from the nature of the transaction it must be presumed that he knew it.”
“Art. 1827. But wherever the motive is apparent, although not made an express condition, if the error bears on that motive, the contract is void. A promise to give a certain sum to bear the expenses of a marriage, which the party supposes to have taken place, is not obligatory, if there be no marriage.”
Mrs. Garbarino approached the plaintiff about purchasing a Ninety-Eight Regency automobile. Certainly there were many such automobiles available on plaintiff’s car lot. However, Mrs. Garbarino would not be content with any Oldsmobile Ninety-Eight Regency. She specifically requested, *378 ordered, and waited for an auto with a light sand grey exterior color. It is certainly evident given the large range and spectrum of options and colors available on autos today, that the specific request of a light sand grey color was the principal cause or motive for Mrs. Garbarino entering into the contract of sale.
She relied upon the plaintiff’s employees to provide her with the automobile she requested and ordered. She testified that she picked the auto up on a rainy, overcast day and that she saw the auto on the showroom floor. There was obviously no light sand grey auto for her to compare the color of her auto with. We therefore conclude that however capricious the principal cause of the contract was, Mrs. Garbarino was not given the color of automobile she requested and thus there was an error in the motive which vitiated her consent as soon as she discovered that the color had been misrepresented. The contract of sale was void.
SPECIFICATION OF ERROR NO. 3
The appellant asserts that the district court erred in failing to rule that the defendant’s failure to call her husband as a witness creates a presumption that his testimony would have been adverse to the defendant.
Generally, the failure of a party to call a witness who has knowledge of the material facts pertinent to the resolution of litigation gives rise to a presumption that the witness’ testimony would have been unfavorable to the party. Jolivette v. City of Lafayette, 408 So.2d 309 (La.App. 3rd Cir.1981), writ denied, 413 So.2d 495 (La.1982).
However, that presumption is rebuttable if the witness’ absence is satisfactorily explained. Veillon v. Sylvester, 174 So.2d 189 (La.App. 3rd Cir.1965), and Nunez v. Nunez, 436 So.2d 682 (La.App. 4th Cir.1983). Here, the district judge ruled:
“The Court dismisses the presumption that because Mrs. Garbarino’s husband did not appear as a witness, his testimony would have been adverse to Mrs. Gar-barino. Mrs. Garbarino testified at the trial that her husband has a severe hearing impairment, is elderly, and does not handle family business affairs, all of which duties are conducted by Mrs. Gar-barino. Because of the hearing impairment, the witness would not have been available to testify as to what happened because he could not have heard what took place.”
The appellant offered no evidence to rebut Mrs. Garbarino’s testimony that her husband was not available as a witness because of a hearing impairment. No evidence was put on that Mr. Garbarino interacted with, asked questions of, or made any comments to Mrs. Garbarino or Mr. Guilbeau during the sale transactions. Without more, we can only assume that the testimony of Mrs. Garbarino that her husband did not understand the transaction was truthful and that the trial court was correct in ruling that the failure of Mr. Garbarino not to appear as a witness was explained.
For the above and foregoing reasons the decision of the district court is affirmed. All costs on appeal to be assessed against plaintiff-appellant.
AFFIRMED.