BRUNOT, J.
 

 This is a suit for the removal of an alleged obstruction to a natural drain. An exception of no right or cause of action was filed, heard, and overruled; issue was joined by answer, the case was tried, there was judgment for the defendant, and the plaintiff appealed.
 

 The defendant admits that his land owes a servitude of drain to the lands of the plaintiffs, and that the natural drain is Coulee Sackett, which traverses defendant’s land and empties into Bayou Des Cannes. It is alleged and shown that the lands of the two plaintiffs and of the defendant have been devoted, almost exclusively, to the raising of rice for approximately thirty years; that the cultivation of rice requires the constant flooding of the crop throughout its growth; that water for the irrigation of their rice fields has been obtained by the plaintiffs and defendant, partly from Coulee Sackett, by means of flood gates; that flood gates are the usual and practical means by which water is obtained for rice irrigation purposes from streams bordering or running through rice fields; that the proper construction, operation, and supervision of flood gates in such
 
 *348
 
 streams do not affect the drainage of the higher estate; that defendant’s flood gates were properly constructed and have never been operated except under the constant and careful supervision of a special caretaker; that defendant’s flood gates were never used until the plaintiffs’ lands were first drained; and that defendant’s use of his flood gates had never caused either of the plaintiffs any damage whatever.
 

 The defendant, in reconvention, prayed that if he be required to remove his flood gates that he have judgment, in reconvention, ordering the plaintiffs to destroy certain artificial lakes established on their lands, which impounded the waters falling on the upper- estate and prevented their natural flow upon his property; thus depriving him of the use of water to which he was entitled. In the original trial of cases, the district judge has the witnesses under his observation and he hears them testify. For this reason, he is more capable of accurately resolving the facts than the appellate court, hence the rule that bis finding of facts is entitled to great weight. The judge’s summary of the facts is as follows:
 

 “This suit is the result of spite, envy and bad feeling on the part of the plaintiffs against the defendant and a desire to enrich themselves at his expense.
 

 “Before filing the suit or making demand on the defendant to remove his flood gate, which the evidence shows has been there for 25 years, they offered to sell their land adjoining the defendant’s place, where the flood gates are maintained, for $100.00 an acre. This was double its value.
 

 “Failing in this scheme to enrich themselves at their neighbor’s expense they brought this suit. ■ The evidence in the case established the following facts:
 

 “1st. That the plaintiff’s, defendant’s and other lands in the vicinity where the flood' gates are maintained have been for many, years past devoted almost exclusively to the-.planting of rice, the successful cultivation of which requires that during its period of growth, and up until its harvest, that it be kept constantly flooded with water; that this; irrigation is effected by means of deep wells, artificial or natural lakes, or by irrigation canals or natural streams; that the Coulee Sackett, which is the natural drain for their lands, empties into Bayou Des Cannes, and the water flowing in Coulee has, for many years past, been pumped into the rice fields at or near its banks.
 

 “2nd. That approximately 30 years a
 
 go
 
 the defendant’s father, Acduel Fontenot, who was his author in title to the lands adjoining plaintiffs, by means of a system of flpod gates, began the planting of rice on his lands, which adjoined the said gully or Coulee Sackett, either pumping or otherwise diverting water therefrom into his rice fields; that the defendant either by inheritance or purchase ae-, quired from his father, within recent years, the lands through which said gully flows and has continued the operation adopted by his father, using the same flood gates in irrigating his rice and pumping wafer from said stream by means of a gasoline or crude oil engine or tractor into his growing rice.
 

 “3rd. That the use of flood gates in diverting water from a stream or canal in no sense amounts to a dam, obstruction or work preventing the running of water therein, and is the usual, ordinary and practical means by which use may be made of water as it runs through an estate bordering on a stream or canal; that the construction, maintenance and use by .the defendant’s father and the maintenance and use by defendant of the-flood gates have never interfered, in any manner,
 
 *350
 
 with the drainage of plaintiff’s lands or the lands of other parties, nor have plaintiffs’ lands been rendered, in any manner, unsuitable or unfit for cultivation.
 

 “4th. That the use and operation by defendant of said flood gates in irrigating his lands had always been under the direct care and supervision of a special caretaker employed by defendant, said care-taker residing in a house near said flood gates and maintaining a constant watch over the opening and closing of said flood gates to permit the defendant to pump water into his rice field has never so much as caused the Coulee Saekett to overflow its banks, nor have said flood gates ever been operated until all water had drained off of plaintiffs’ lands, and the use of said gates has never caused the water flowing in said stream to back and overflow plaintiffs’ lands in the slightest degree.
 

 “5th. That the use of flood gates in diverting water from a stream or canal is the common and ordinary means in vogue in making use of said waters and by Act of record in Conveyance Book Z. 4. page 71 of the records of this parish, passed before Robert Lafleur, Notary Public, the plaintiff, Artelus Guillory, the defendant, the defendant’s father, Fabius Fontenot and Laurent Young, solely for the purpose of assisting the said plaintiff, Artelus Guillory, • in the drainage of certain lands which did not drain naturally into Coulee Saekett but to the East and in an opposite direction, created a system of artificial canals whereby a ridge between said lands was cut and the drainage of said lands was changed to said Coulee or gully Saekett; that in said Act, Artelus Guillory assumed responsibility for the management of the levees along said system of artificial canals, and it was covenanted and agreed that he, the said Artelus Guillory and others should have the right to place at certain designated points flood gates in said canal; that the flood gates on defendant’s land, of which plaintiffs now complain, were in the contemplation of the parties to said act, though not stated therein, through error, this having been proven beyond the shadow of a doubt. * * *
 

 “6th. That defendant’s flood gates, in no way, impedes the current in the channel of said stream, and were so constructed by defendant’s father as they presently stand to the knowledge, at the request and with the consent of the plaintiffs; that the said Artelus Guillory paid $75.00 to defendant’s fa7 ther to assist him in establishing the flood gates as they stand today, over 9 years ago, at the time of the signing of the contract above referred to. This was virtually admitted by the said Artelus Guillory.”
 

 We have read the record, and it sustains the accuracy of the district judge’s finding of facts.-
 

 In our opinion, the plaintiffs are seeking to evade the law they have made for themselves by contract. The contract was for a lawful purpose, and it was executed by all parties to it in a manner which has best served their respective agricultural interests without detriment or injury to any one. It is apparent that Act 19 of 1922, a penal statute, can have no application to the facts in this case.
 

 The judgment appealed from is correct, and it is therefore affirmed at appellants’ cost.
 

 O’NIELiD, O. J., concurs in the decree.