OVERTON, Justice.
 

 This is an appeal from a judgment rendered against defendant for $1,600 for malicious prosecution. The case grows out of an automobile accident. As a result of the accident, plaintiff was charged in the criminal district court with driving an automobile while under the influence of liquor. He waived trial by jury, was tried before one of the criminal district court judges, and was acquitted.
 

 The accident, briefly stated, occurred in this manner. On October 17, 1930, an automobile, owned by plaintiff, which at the time,
 
 *236
 
 we are justified in saying, was being operated by bis wiie, ran into a parked automobile, owned by defendant. No one was in defendant’s automobile at the time. His automobile was parked in front of his home, about fifty feet from the intersection of Bordeaux street. Defendant and his family were at dinner when the accident occurred. Defendant, hearing the noise of the collision, came out of his home, and saw plaintiff, his wife, being there, attempting to extricate the two automobiles from their locked condition. A conversation ensued, in which plaintiff expressed regrets for the accident, and told defendant to have his car repaired and that he would' pay the bill. On leaving, plaintiff handed defendant his card, not recognizing him until then, and told him to repair the automobile and that he or his insurance company would settle the bill. The ear was repaired and the bill sent to plaintiff, but was not paid.
 

 On October 20,1930, three days after the accident, defendant wrote plaintiff, advising him that his automobile, driven by his wife, or some other member of his family, had damaged defendant’s automobile to the extent of $45.60, and he also wrote plaintiff about the same time, calling upon him to pay the bill. According to the oral evidence, defendant, not having received payment, as a result of these letters, called to see plaintiff and informed him that the insurance company would not pay all of the bill, and sought to obtain plaintiff’s offices to persuade the company to do so. Plaintiff did not pay the bill, but advised defendant that if he felt that the insurance company was not treating him right, to resort to the courts.
 

 In the foregoing letters and in this conversation, defendant did not charge plaintiff with being the driver of the automobile, or with having been under the influence of liquor at the time of the accident. There is a third letter, addressed by defendant to plaintiff in which defendant characterizes the settlement offered by the insurance company as inadequate, and wherein he says, speaking of the offered settlement, “and does not anywhere near cover the damage, which you did to my car when you ran into it, Oct. 17th.” However, the context is such as not to exclude the idea that defendant was using the word “you,” because it was plaintiff’s car and he was in it at the time of the accident. The evidence impresses us that defendant was provoked, whether justly or not, at the outcome of the collection of the bill for damages, and concluded to adopt more drastic means to force payment.
 

 Defendant accordingly called on the clerk of the license bureau ostensibly to ascertain whether plaintiff’s car had a license, and, if so, to obtain its number. In his conversation with the traffic clerk, for the first time, he said that plaintiff was driving the car, and that the accident was due to the intoxicated condition of plaintiff at the time. The clerk referred him to the traffic court. On November 1, 1930, plaintiff addressed a letter to the judges of the traffic court, in which he informed them that plaintiff was the driver of the car and that he was intoxicated. The traffic court directed defendant to the district attorney’s office, where he made substantially the same statement that he had made to the traffic court. At the district attorney’s office, defendant was told to make
 
 *238
 
 an affidavit, wfiiclt he did, charging plaintiff with driving an automobile under the influence of liquor. The charge was printed in the newspapers. Plaintiff had to stand arraignment upon the information filed, based upon it, go to trial, in which, as said, he was acquitted.
 

 The oral evidence addressed upon the trial of the present case is conflicting. Upon the whole, it impresses us with the facts that plaintiff has shown the affidavit to be false; that it was made without probable cause; and that it was made with express malice. The district judge so found specifically. On a question of fact, where the evidence is conflicting, we do not feel justified in disturbing our learned brother’s finding, save as to the quantum of damages, which is largely a matter of opinion.'
 

 Because the district attorney, or his assistant, advised defendant to file an affidavit, is no defense, where it does not satisfactorily appear that defendant did not divulge to him all of the facts. The trial judge, in view of the standing of plaintiff in the community, plaintiff’s age, and his family, and the mortification and humiliation he suffered, allowed him $1,500 damages, and also $100 attorney’s fees, expended by plaintiff in his defense of the criminal charge. The item of $1,500, to be in line with our jurisprudence, should be reduced to $300 and the item of attorney’s fees allowed, should remain undisturbed, thus making the amount allowed, $400, with legal interest from judicial demand.
 

 For these reasons, the judgment is amended by reducing it to $400, and, as thus amended, it is affirmed, plaintiff to pay the costs of this appeal, and defendant to pay those of the lower court.