174 So. 643

## LEJEUNE v. LEJEUNE.

### No. 34234.

April 26, 1937.

Plauche & Stockwell, of Lake Charles, for appellant.

Williams & Vidrine, for appellee.

PONDER, Justice.

Plaintiff appeals from a judgment rejecting his demands for a divorce.

Plaintiff, in his petition, alleges that on May 8, 1936, the defendant committed adultery with a man named George Miller. The defendant, in her answer, denied the illicit act and averred that it was a crude attempt on the part of the plaintiff to manufacture evidence to secure a divorce.

The case was tried and submitted. The lower court rendered judgment rejecting plaintiff's demand, from which judgment plaintiff appealed to this court.

The only question presented in the case is the veracity between the plaintiff and his witnesses on the one side and the defendant and her witnesses on the other side.

In this case three witnesses testified to the illicit act, viz., plaintiff, the co-respondent, and one other witness.

The co-respondent, plaintiff's first cousin, was working for the plaintiff at the time of the alleged illicit act. It is rather unusual for a plaintiff to use a co-respondent as his witness to prove the illicit act. If plaintiff's allegation is true, we are at a loss to see how he could prove this fact by the very person whom he alleges disrupted his home. It is indeed unusual that he would be on such friendly terms as to have the co-respondent testify to the illicit act and that the co-respondent would testify to his own wrongdoing in behalf of the plaintiff. From this very fact, it would appear that there is foundation to defendant's claim that the testimony was manufactured.

The plaintiff's action in using the co-respondent as a witness causes his, the plaintiff's, testimony to be looked upon with suspicion.

The other witness who testified to the illicit act was impeached by the town marshal, who testified that this witness's repution was bad, that he was no good and could not be believed on oath.

Plaintiff's father and mother testified that the defendant said that "she did wrong." The statement testified to was a general statement which did not recite wherein or how she did wrong. This testimony was offered to corroborate the other testimony offered by the plaintiff. It does not prove any specific thing. The defendant denied this statement.

The trial judge, in his written reasons for judgment, stated that he was convinced that the accusations were absolutely false.

The question presented being solely one of the veracity of the witnesses and the very nature of the testimony, with the circumstances surrounding it, being on its face questionable as to its reliability, the opportunity of viewing the witnesses on the stand, seeing their demeanor and observing the manner in which they gave their testimony would be of great aid in determining the truth or falsity of their testimony.

The lower court would therefore be in a better position to determine the veracity of the witnesses and, unless error is shown in its conclusion, this court will not disturb the judgment.

After a careful review of all the testimony in this case, we are of the opinion that the judgment of the lower court was correct.

For the reason assigned, the judgment of the lower court is affirmed at plaintiff's cost.