107 So.2d 563 (1958)
COMMERCIAL CREDIT CORPORATION, Individually and for the use and benefit of Calvert Fire Insurance Company, Plaintiff-Appellant,
v.
Clifford MORRIS et al., Defendant-Appellee.
No. 8827.
Court of Appeal of Louisiana, Second Circuit.
November 25, 1958.
Rehearing Denied December 19, 1958.
*564 Dhu & Lea S. Thompson, Monroe, for appellant.
Theus, Grisham, Davis & Leigh, Monroe, for appellee.
AYRES, Judge.
This is an action in tort. The damages sought to be recovered were sustained in a motor vehicle collision occurring near 9:00 o'clock A.M. January 4, 1957, at the intersection of Louisville Avenue and Riverside Drive in the City of Monroe. The vehicles involved were a Ford automobile, owned by plaintiff and driven by its agent and employee, Bernard Marsal, and a Chevrolet truck owned by Foremost Dairies, Inc., operated at the time by its agent and employee, Clifford Morris. Made defendants were Morris and his employer, as was its public liability insurer. This suit is for the collection of $50 for plaintiff and $474.91 on behalf of its insurer and assignee, Calvert Fire Insurance Company, which had paid the property damages to the Ford automobile under the provisions of an insurance policy, less $50 deductible. From a judgment rejecting its demands, plaintiff appealed.
Louisville Avenue is a portion of U. S. Highway 80 as it traverses the City of Monroe. It is a four-lane concrete paved highway, two lanes for traffic in each direction. Its course is generally east and west and intersects Riverside Drive at right angles at the foot of a bridge spanning the Ouachita River. Traffic at this intersection is controlled by an automatic electric signal light suspended overhead. At the time of the accident the pavement was wet *565 from an all-night rain, which was then continuing in a mist or drizzle.
Marsal's version of the accident is that he was proceeding in a southerly direction on Riverside Drive at a speed of approximately 20 miles per hour when, on approaching the intersection with Louisville Avenue, he observed he had a favorable light. Whereupon, after first looking ineffectively to his left or towards the east on Louisville Avenue, as his view was obstructed by the presence of cars on a used car lot on the corner, and then, after looking to his right, where he observed two cars headed east on Louisville but stopped, awaiting a favorable signal, he continued forward, and, when within about ten feet of the intersection he saw defendant's truck entering the intersection from the east on Louisville Avenue at a speed of 40 to 50 miles per hour; that he instantly applied his brakes but, nevertheless, due to the wet and slippery surface of the street, he skidded into the truck.
Morris' version of the accident is that he drove north on Walnut Street and then turned left on Louisville Avenue and proceeded in a westerly direction in the extreme right-hand side or in the northernmost lane of Louisville Avenue at a speed of 20 to 25 miles per hour; that when a half block from the intersection with Riverside Drive, he observed a favorable traffic light or signal which, however, he says, changed to "caution" when he reached a point about 20 feet from the intersection, but that, nevertheless, he continued into the intersection without having seen plaintiff's car until he heard the brakes of his car squeal only momentarily before the impact.
The accident occurred in the northwest quadrant of the intersection. As the Ford on Riverside Drive entered the intersection, the Chevrolet truck crossed its path. The result was that the front of the Ford struck the rear right-hand side of the truck and spun it around, causing it to come to rest upon the end of the bridge facing in an easterly direction.
Negligence charged to the defendant's driver consists of his entrance into the intersection on a "red" light and a failure to maintain a proper lookout or to accord plaintiff's driver his superior right to complete the negotiation of the intersection. Identical acts of negligence are charged by defendants to plaintiff's driver, with the additional specification that plaintiff's driver was speeding. Thus, it appears from these charges and the aforesaid resume of the testimony of the drivers of the vehicles, who were the only known eye-witnesses to the accident, that the issues presented for resolution are primarily factual. Too, it will be noted that the testimony of these witnesses is conflicting and irreconcilable in many respects, particularly as pertains to the status of the signal light at the time of their entry into the intersection, as to the presence of eastbound cars on Louisville Avenue, stopped, awaiting a favorable light, and as to the speed of defendant's vehicle.
That Morris was negligent is amply established by the record. By his own admission, after entering the intersection on a "caution" light, he totally disregarded the warning intended to be conveyed by such signal in that he utterly failed to make any observation of traffic approaching on the intersecting street. Whether the mere entry into an intersection on a "caution" signal, when observed by a motorist at a distance of 20 feet from the intersection, constitutes negligence is unnecessary to determine in the instant case, but it could only be concluded that a motorist thus cautioned, but who entirely disregards the obvious warning intended to be conveyed by his complete failure to make any observation of the traffic on the intersecting street is clearly negligent.
The primary question, therefore, is whether plaintiff's driver was guilty of negligence proximately causing or contributing to the accident. By his own admission he failed to make proper and adequate observation of the traffic approaching from *566 his left on Louisville Avenue and in the northernmost lane of a muchly traveled four-lane thoroughfare. The excuse for his failure was his view was obstructed by cars on a used car lot on the corner of the intersection.
The evidence as to the status of the signal light at the time the vehicles entered the intersection is in conflict, but, without resolving the issue and considering the matter from a standpoint most favorable to plaintiff, the record not only fails to establish plaintiff's driver's freedom from fault but establishes negligence upon his part, without which the accident would not have occurred and which, therefore, constitutes, at least, a contributing cause of the accident. In reaching this conclusion, we are not unmindful of the observation made by the Supreme Court in Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292, 295, in quoting from a dissenting opinion of Judge McCaleb of the Orleans Court of Appeal, now Associate Justice of the Supreme Court, in the same case as reported in 17 So.2d 506, 513-514, wherein he stated:
"`We are living in an advance stage of the motor age. Heavy and congested vehicular traffic on the streets and highways is a daily rule rather than an exception. In these circumstances, it is vital to the public interest that the traffic rules and regulations be adhered to strictly (particularly with reference to the traffic semaphore system) as the motorist is, to a large extent, compelled to operate his car in the belief that the law will be obeyed by others. Hence, in gauging the fault which is attributed to one, who was operating his car in obedience to positive law, the courts should be convinced that the dereliction was most substantial and that it was such a direct factor that, without it, the accident would not have occurred.'"
Nevertheless, the decision of the courts of this State are replete with pronouncements as to the duty and obligations of a motorist to be observant at all times and constantly on the alert for road conditions and traffic situations and to keep his vehicle under such control as is commensurate with the circumstances. The greater the hazard, the greater the degree of care required. Currie v. Government Employees Insurance Company, infra, and the authorities therein cited. And, as pointed out by the Supreme Court in Kientz v. Charles Dennery, Inc., supra, it cannot be disputed that a motorist, who, carelessly, recklessly and without exercising some degree of care and caution, enters an intersection on a favorable light is not free from negligence if a collision results with another motorist who enters the intersection even on an unfavorable light. Nor will it be disputed that a motorist cannot, in the face of imminent danger, rely upon the right-of-way accorded him by law. Nevertheless, a motorist who is proceeding on a proper signal is not held to the same degree of care and vigilance as if no such system prevailed. He has the right to assume that the signals are understood and will be observed. Nor, under ordinary circumstances, is he under any obligation or duty to anticipate that a motorist will, in violation of law, or in disregard of a signal, enter into an intersection. As has often been stated, the danger at intersections, where traffic is controlled by an automatic control system, is less than if there were no such signals and, therefore, less care is exacted. However, it has been pointed out on numerous occasions that traffic signal lights do not relieve a motorist of the general duty to operate his car with careful and prudent regard for the safety of others, and that his duty to be careful never ceases. Greenwood v. Romby, La.App., 51 So.2d 859; Thomas v. Leonard Truck Lines, Inc., La. App., 7 So.2d 753; Currie v. Government Employees Ins. Co., supra.
Even where a motorist has a superior right-of-way, it has been held he is not relieved from the necessity of looking in the direction from which others may be *567 expected to come, and, where the accident could have been prevented by the mere observation of traffic conditions, he, who fails to look, cannot recover, though the other party was grossly at fault. Johnson v. Item Co., 10 La.App. 671, 121 So. 369. Nor does the superior privilege of right-of-way confer a license to disregard fundamental traffic rules and regulations instituted for the protection and safety of persons using the public highways. The privilege does not justify the assumption on the part of the possessor of such superior right-of-way that every other person is going to recognize such right under all circumstances. He is, therefore, not warranted under such superior right to carelessly drive his motor vehicle into and across intersections without maintaining a proper lookout and in disregard of the rights of those who may or may not be observing the traffic laws, as every motorist is presumed to see, and is charged with the duty of seeing, that which he could have, and ought to have seen. Prudhomme v. Continental Casualty Co., La.App., 169 So. 147. Neither is a motorist relieved of the duty of maintaining an adequate lookout at intersections by virtue of a superior right-of-way. Holderith v. Zilbermann, La.App., 151 So. 670; Murphy v. Star Checker Cab, La.App., 150 So. 79; Pugh v. Henritzy, La.App., 151 So. 668; Johnson v. Item Co., supra; Hamilton v. Lee, La.App., 144 So. 249. Nor is it placing a strict or extraordinary obligation upon a motorist on a right-of-way street to exercise the mere slight care and precaution of observing approaching traffic. Sullivan v. Locke, La.App., 73 So.2d 616; Thomas v. Roberts, La.App., 144 So. 70; Kientz v. Charles Dennery, Inc., supra.
While moving at a speed of approximately 20 miles per hour as he approached the intersection, plaintiff's driver was culpably negligent in failing to observe defendant's vehicle. Whatever observation Marshal made of traffic approaching from the east was ineffective, which he realized at the time, for he testified his view was obstructed. Notwithstanding his failure to ascertain the approach of defendant's vehicle, without any apparent intention of the driver to stop, which he could have done with proper observation, he continued into the main thoroughfare, apparently relying solely upon his superior right-of-way, which, under the authorities hereinabove cited, is insufficient to relieve him of his responsibility resulting from his failure to make timely observation and act accordingly to avoid the accident. In gauging his fault, we are convinced that his dereliction was most substantial and such a direct factor that, without it, the accident would not have occurred.
Moreover, it is firmly established in the jurisprudence that the findings of a trial court upon questions of fact are entitled to great weight and that when only issues of fact are involved, it is encumbent upon the appellant, in order to secure a reversal of the decision from which he appeals, to show manifest error in the judgment, and in this it has failed. Thornton v. Ellington, 209 La. 613, 25 So.2d 282; Falgout v. Johnson, 191 La. 823, 186 So. 349; Lejeune v. Lejeune, 187 La. 339, 174 So. 643; Wagner v. Shannon, 180 La. 233, 156 So. 289; Kruse v. Kruse, 175 La. 206, 143 So. 50; Guillory v. Fontenot, 170 La. 345, 127 So. 746; Currie v. Government Employees Insurance Company, La.App., 90 So.2d 482.
We, therefore, find no manifest error in the judgment appealed and, accordingly, it is affirmed at appellant's cost.
Affirmed.