AYRES, Judge.
This is an action for damages allegedly sustained on account of an alleged unprovoked physical assault. That an assault was committed was denied by defendant, who, however, admitted an argument ensued in his store over an order of groceries purchased by plaintiffs. Plaintiffs, husband and wife, have appealed from a judgment rejecting their demands.
The case presents only questions of fact, which were testified to by plaintiffs with great circumstantiality and detail, and denied by defendant with equal positiveness and clearness. The facts, as shown by the record, may be briefly stated. Plaintiffs, accompanied by two relatives, went to defendant’s store located near Colfax, Louisiana, August 27, 1957, and made certain purchases of groceries, whereupon a controversy arose as to the correctness of the price. Although the items were rechecked, the argument became more heated, whereupon plaintiff, Joe Wilkins, started toward defendant, who then reached under the counter, obtained a shotgun and advised plaintiffs to leave the store. Following this incident, however, a certain degree of calmness prevailed, when plaintiffs accepted the groceries, which defendant charged to their account, and left the store.
The gist of plaintiffs’ charge is that during the disturbance defendant struck plaintiff, Gustava Wilkins, on the head with the gun. This is attested to by plaintiffs and the two relatives but is vehemently denied by defendant. The testimony of the defendant is corroborated by that of two of his clerks, who were present in the store at the time, as well as by the testimony of a salesman, who was on the outaide but who witnessed the occurrence through a window. That defendant’s actions, whatever they were, were unprovoked is likewise highly controverted, and the testimony on the point is irreconcilable. At any rate, Gustava Wilkins does not appear to have been injured. There is no medical testimony to that effect, although she claims to have been examined and treated by a physician in Colfax. The testimony of plaintiffs and their witnesses is not of such character as to impress the court with its correctness and truthfulness as would warrant or justify a judgment in their favor. Moreover, in an action for damages for assault, the burden of proof rests upon plaintiff to establish by a preponderance of the evidence every essential of the demand that an assault occurred, that it was unprovoked and that he was not at fault in provoking the difficulty which led to the assault. Gorum v. Henry, 138 La. 596, 70 So. 526; Ponthieu v. Coco, La.App., 18 So.2d 351; Thornton v. Lingle, La.App., 30 So.2d 165; Brown v. Lambert, La.App., 71 So.2d 410.
The Judge of the district court, who saw and heard the witnesses, was obviously of the opinion that the plaintiffs had failed to establish their case by a preponderance of the evidence and to a legal certainty, as required by law. Under such *7 circumstances, the court is reluctant to set aside the judgment appealed from. It is firmly established in the jurisprudence of this State that the findings of the trial court upon questions of fact are entitled to great weight, and that when only issues of fact are involved, it is incumbent upon the appellant, in order to secure a reversal of the decision from which he appeals, to show manifest error in the judgment. Thornton v. Ellington, 209 La. 613, 25 So.2d 282; Falgout v. Johnson, 191 La. 823, 186 So. 349; Lejeune v. Lejeune, 187 La. 339, 174 So. 643; Wagner v. Shannon, 180 La. 233, 156 So. 289; Kruse v. Kruse, 175 La. 206, 143 So. 50; Guillory v. Fontenot, 170 La. 345, 127 So. 746; Currie v. Government Employees Ins. Co., La.App., 90 So.2d 482; Commercial Credit Corp. v. Morris, La.App., 107 So.2d 563.
Finding no manifest error, the judgment appealed will not be be disturbed, and it is, accordingly, affirmed at appellants’ cost.
Affirmed.