AYRES, Judge.
This is an action in tort, one of six, arising out of an automobile collision between a Ford automobile, owned and operated by Curtis Dane, and a Chevrolet taxi of Scott Harrison, driven at the time by Wesley McDonald.
The collision occurred at approximately 10 p. m., Saturday, February 23, 1957, on U. S. Highway 80, between Rayville and Holly Ridge, in Richland Parish, Louisiana. The six suits were consolidated in the court below and, from judgments rendered, appeals were taken and perfected in three of the number to this court. They are, other than the instant case, that of Dane v. Southwest General Insurance Company, La. App., 116 So.2d 362, and that of McDonald v. Southwest General Insurance Company, La.App., 116 So.2d 363. These appeals have been consolidated for the purpose of trial.
Made defendants in the instant case are Scott Harrison and his public liability insurer, Canal Insurance Company; and made defendant in each of the two consolidated cases is the Southwest General Insurance Company, the public liability insurer of Curtis Dane.
In the trial in the district court, it was found that the negligence of Wesley McDonald constituted the sole and proximate *360 cause of the accident and, accordingly, judgment was rendered in plaintiff’s favor in the instant case and in favor of the defendants in the other cases. The defendants in the instant case and the plaintiffs in the consolidated cases have appealed.
Curtis Dane and his wife, Mrs. Martha Dane, plaintiff herein, accompanied by Mrs. Donna Compton, were en route from Fort Lee, Petersburg, Virginia, where Dane was stationed in the Army, to their home in Weatherford, Texas, preparatory to his leaving for service in Korea. Dane was 19 years of age and Mrs. Dane 17 years of age at the time of the accident. Mrs. Dane was asleep on the rear seat of the car and Mrs. Compton was asleep on the front seat to the driver’s right. They departed from Fort Lee about 7 p. m., Friday, February 22, 1957, and, except for time out for four meals, rest stops, and to purchase oil and gas, Dane, who alone operated the car, had driven continuously approximately 27 hours and covered a distance of 'approximately 900 miles. Their trip was one of nonstop from Fort Lee, Virginia, to Weatherford, Texas, a distance of approximately 1,300 miles.
In the taxi were the driver and three fare-paying passengers: Ellen Gasper, on the seat with the driver; and Olivia Brown and Willie Mae Booker on the rear seat, the first on the left and the latter on the right. The passengers boarded the taxi at Scott’s Bar on Highway 80 at Rayville, Louisiana, for transportation to their residences at Holly Ridge. The taxi then proceeded easterly on the highway when, on meeting the Dane automobile, the collision occurred.
The highway runs in a general east and west course, is surfaced with asphalt, or blacktop, and is approximately 24 feet wide, with a line dividing the north, or westbound, traffic lane from the south, or eastbound, traffic lane. The shoulders are of sod, approximately six feet in width. On each side of the highway a ditch runs parallel thereto and borders the shoulders. The highway is straight and practically level for a distance of a mile or more in each direction from the scene of the accident. Prior to the time of the accident, rain had been falling, but, at the time, had reduced to a mist or drizzle. The highway surface was therefore wet.
The accident may be characterized as of a “head-on collision” type. The left front of each vehicle struck the left front of the other. Both vehicles were, for all practical purposes, demolished. The Ford came to rest, following the accident, with the rear at the north side of the highway facing in a southeasterly direction, blocking, entirely, the north side, or the westbound, traffic lane of the highway. The taxi proceeded some distance easterly beyond the Ford and came to rest, with its rear wheels in the south highway ditch and its front wheels on the south shoulder, facing in a northwesterly direction.
From injuries received in the accident, Wesley McDonald, the taxi driver, was killed. Ellen Gasper received injuries from which she died several months later. Olivia Brown and Willie Mae Booker were also injured, but their injuries were of a less serious nature. Curtis Dane and Mrs. Donna Compton were pinned in the wreckage of the Dane car. Dane was severely injured and immediately became unconscious, in which condition he remained for 11 days and suffered traumatic amnesia.
The injuries received by Mrs. Martha Dane almost defy description or comprehension. From injuries to her spine, she was completely paralyzed from high waist level down. It was necessary, on the night of the accident, that she undergo an emergency decompressive laminectomy to relieve pressure upon her spinal cord. Additionally, she suffered the loss of an unborn child. Her condition is such that for an indefinite period of time, and, perhaps for the remainder of her life, her only means of locomotion will be by wheel chair.
In the instant case, Mrs. Dane, as a guest passenger of her husband, seeks to recover *361 damages in compensation for the injuries sustained, and pain and suffering endured, of Scott Harrison and his insurer. During the trial, by stipulation, her claims were reduced to $5,000, the maximum contractual liability of the insurer. In her companion suit, she seeks to recover damages of her husband’s liability insurer, the Southwest General Insurance Company, whose contractual liability was also limited to $5,000 to any one person injured in any one accident.
Negligence charged to Curtis Dane consists of excessive speed, in view of the weather conditions prevailing at the time, and of encroaching several times, without reason or necessity, into the left, or opposite, lane of travel in the face of oncoming traffic. Negligence charged to Wesley McDonald consists of his failure to keep or maintain a proper lookout or to observe the encroachment in his lane of travel by the westbound automobile, failure to apply his brakes timely or to take other evasive action to avoid an accident when there was ample time and opportunity to do so, and then imprudently applying his brakes at a time when such action was too late and not a proper evasive action, but which then was a causative factor in the occurrence of the collision, and, finally, in operating the taxi with defective brakes when, on their application, the taxi swerved to its left and into the opposing traffic lane.
The defendants in this case charged that the accident and collision were caused solely and only through the fault and negligence of Curtis Dane, as detailed in the aforesaid particulars. Additional charges were that Dane was fatigued from constant driving without sleep or relief; that he was not in proper control of his car, permitted it to weave and zigzag across the center line of the highway at an excessive rate of speed and to collide with the taxi in its lane of travel. In the alternative, defendants plead that Curtis Dane was guilty of contributory negligence in the particulars hereinabove set forth, and, further in the alternative, that plaintiff, Mrs. Martha Dane, was guilty of independent contributory negligence in riding in an automobile when she knew, or should have known, that the driver was fatigued, and in allowing her husband, the driver, to proceed at night under adverse weather conditions, and in her failure to observe or to protest the continuation of his acts of negligence.
Similar charges of negligence were directed against plaintiff and her husband in her companion suit against the Southwest General Insurance Company.
The issues presented for determination are entirely factual in nature. It maV be stated, however, at the outset, there is no substantial evidence that either vehicle was exceeding the legal speed limit, nor does the evidence support the charges that Dane swerved or “zigzagged” his car across the highway, or that he failed to keep a proper lookout, or that his driving was in any manner adversely affected by fatigue. The extent and nature of the damage to each car were comparable. The issue is therefore restricted by the evidence to the question of which car, at the time of the collision, was on the wrong side of the highway.
The conclusion reached by the trial judge was that the taxi crossed the center line from its proper lane of travel into the north, or westbound, traffic lane, and that such maneuver was the sole and proximate cause of the accident. This conclusion was predicated upon the physical facts evidencing that the accident occurred in the proper lane of travel for the Dane car, and upon the testimony of James D. Baker, a member of the State Highway Police, who arrived! at the scene of the accident within 10 too 20 minutes after its occurrence, who, in the course of his testimony, located the debris and dirt fallen from' the vehicles and the gouge marks upon the highway, resulting from the wreck, as in the westbound traffic lane. Baker’s testimony is corroborated by the testimony of other persons who arrived *362 at the scene of the accident shortly after its occurrence.
None of the parties involved in the accident was able to relate the facts as to the occurrence of the accident. The testimony of Willie Mae Booker threw no light upon the subject, as she did not see the on-coming car until the collision. Neither did the court give any weight or consideration to the testimony of Olivia Brown, a passenger on the left in the rear seat of the taxi. It is obvious from her own testimony that she had little time or opportunity to evaluate the situation after she saw the approaching automobile, if, in fact, she saw its approach. Curtis Dane suffered a lapse of memory and therefore did not remember and consequently did not testify to the events transpiring immediately prior to or during the occurrence of the accident. Neither plaintiff nor her companion, Donna Compton, know anything of the facts leading to and preceding the accident.
It is the firmly-established jurisprudence that the findings of the trial court .upon questions of fact are entitled to great weight and that, when only issues of fact are involved, such as are the issues in the instant case, it is incumbent upon the appellants, in order to secure a reversal of the decision from which they appealed, to show manifest error in the judgment. Thornton v. Ellington, 209 La. 613, 25 So.2d 282; Falgout v. Johnson, 191 La. 823, 186 So. 349; Lejeune v. Lejeune, 187 La. 339, 174 So. 643; Wagner v. Shannon, 180 La. 233, 156 So. 289; Kruse v. Kruse, 175 La. 206, 143 So. 50; Guillory v. Fontenot, 170 La. 345, 127 So. 746; Currie v. Government Employees Insurance Company, La. App., 90 So.2d 482; Commercial Credit Corporation v. Morris, La.App., 107 So.2d 563; Patton v. Argonaut Underwriters Insurance Co., La.App., 110 So.2d 142.
There has been no showing of manifest error in the conclusions reached in the trial court. From our own review of the record, we are convinced of the correctness of the determination made, and conclude, as did the trial court, that the accident was caused by the negligence of Wesley McDonald in steering his vehicle across the center line into the opposing lane of travel.
From this, it is obvious that the charges of contributory negligence urged against Curtis Dane and Mrs. Martha Dane are without foundation.
For the aforesaid reasons, the judgment appealed is affirmed at appellants’ cost.
Affirmed.