AYRES, Judge.
In this action ex delicto, Mrs. Gladys Spears claims damages for personal injuries allegedly sustained as the result of an assault and battery committed upon her by the defendant, Andrew Biles, March 15, 1957, at “Archies” cafe and service station, in Bunkie, Louisiana. The husband seeks reimbursement of medical expenses incurred and loss of the wife’s wages sustained as the result of the injuries allegedly suffered by her. ' !
i
The basis of plaintiffs’ claims is that defendant, in an intoxicated condition, came to the place of business where they were employed and, without excuse or provocation, rushed upon, struck, and, several times, threw Mrs. Spears against restaurant equipment, inflicting the injuries and causing the suffering for which she seeks the recovery of damages.
Defendant admitted his presence in the cafe at the time involved, but denied he was intoxicated or that he committed any assault or battery upon Mrs. Spears. After trial, the court concluded plaintiffs did not establish that defendant committed an assault and battery upon Mrs. Spears and, accordingly, rejected their demands as of nonsuit. Plaintiffs have perfected this appeal.
The issues presented for resolution are purely factual. No one was present at the time of the alleged occurrence other than plaintiffs and defendant. The court obviously did not accord plaintiffs’ testimony such weight as would establish, as against defendant’s positive testimony to the contrary, that defendant committed an assault and battery upon Mrs. Spears.
From our own review of the testimony, which we find inconsistent and contradictory in many material particulars, we are not only unable to point out any manifest error in the conclusions reached by the trial court but are of the opinion that its findings are clearly supported by the testimony. In this connection, it may be pointed out that Louis W. Juneau, a taxi driver who says he was called by Mrs. Spears and was informed that the defendant was ready to go home, testified, on his árrival, that no complaints were made to him or to Curry P. Kojis, Sr., city márshal, who also arrived shortly thereafter! In this, *524 Juneau was corroborated by the testimony of the marshal who, although discounting the fact that the defendant was drunk, admitted he was drinking.
The findings of the trial court upon questions of fact are entitled to great weight. When only issues of fact are involved, such as are the issues in this case, it is incumbent upon an appellant, in order to secure' a reversal of a decision from which he appeals, or of which he complains, to show manifest error in the judgment. Dane v. Canal Insurance Company et al., La.App., 116 So.2d 359, 362. See, also, the authorities therein cited. No showing of manifest error has been made in this case.
The dismissal of plaintiffs’ action as of nonsuit was predicated upon the failure of plaintiffs to produce, as witnesses, W. B. Terry and Dr. J. G. Dupree. Terry was the owner of the establishment where plaintiffs were employed. Mrs. Spears testified she immediately reported the occurrence to him, who, she says, promised to call the “law.” Mrs. Spears claims to have consulted Dr. Dupree the day following the occurrence with reference to the pain and suffering she claims to have experienced.
 Following the court’s pronouncement, plaintiffs moved that the trial of the case be reopened for the purpose of taking the testimony of these witnesses. They complain that the court committed error in overruling the motion. Code of Practice, Art. 556 provides that judgments may be revised, set aside, or reversed in four different ways, one of which is by a new trial. This and the succeeding articles (557 to 563), concerning new trials, are apparently without application to motions to reopen cases for the taking of additional testimony. Nor do we find any express law in the Code of Practice, or elsewhere, authorizing the reopening of a case, after trial, in order to receive additional evidence appropriate to the ends of justice. However, the practice of reopening cases for limited purposes has been long recognized by the courts of this State. Material to this discussion is Code of Practice, Art. 484, which reads as follows:
“After all incidental questions shall have been decided, and both parties have produced their respective evidence, the argument commences; no witness then can be heard, nor proof introduced except with the consent of all the parties.”
The strictness of the rule announced in this article has been materially modified. For instance, it was stated by the Supreme Court, in Succession of Lefort, 139 La. 51, 68, 71 So. 215, 220:
“This article has been interpreted to mean that, after all parties have anounced that the testimony is closed, neither party has a legal right to introduce further evidence, but that the privilege of doing so may be granted by the court in its discretion and in furtherance of justice. The judgment of the court refusing to admit further evidence will not be reversed by this court unless it is manifestly erroneous and productive of injustice. See Vicksburg Liquor & Tobacco Co. v. Jefferies, 45 La.Ann. 621, 632, 12 South. 743, State v. Chandler, 36 La.Ann. 177, and School Board of Union Parish v. Trimble, 33 La.Ann. 1073, 1079.”
Moreover, applications of the character under discussion address themselves to the sound discretion of the trial court, and its action will not be disturbed by an appellate court unless it manifestly appears that harmful results or injustice will follow. Rea v. Dow Motor Co., La.App., 36 So.2d 750, 755.
We find no abuse of the discretion vested in the trial court in its failure to reopen the case inasmuch as plaintiffs were well aware, before trial, of the materiality of the witnesses’ testimony, but nevertheless failed to summons them. No injustice *525 is shown to have been done plaintiffs by the ruling complained of, particularly as their demands were rejected only as of nonsuit.
For the reasons assigned, the judgment appealed is affirmed at appellants' cost.
Affirmed.