128 So.2d 235 (1961)
Edward P. SMITH, Plaintiff-Appellee,
v.
AETNA CASUALTY & SURETY COMPANY et al., Defendants-Appellants.
No. 9437.
Court of Appeal of Louisiana, Second Circuit.
March 10, 1961.
Lunn, Irion, Switzer, Trichel & Johnson, by Richard Switzer and R. Clyde Lawton, Jr., Shreveport, for appellants.
*236 Johnston & Johnston, Shreveport, for appellee.
Before HARDY, GLADNEY and BOLIN, JJ.
BOLIN, Judge.
Plaintiff instituted suit against defendants in his own behalf for property damage to his automobile and medical expenses incurred on behalf of his son resulting from an intersectional collision between his car, being driven by his minor son, and one being operated by Mrs. Phillips and insured by Aetna Casualty Company, defendants herein. He further prayed for damages for personal injuries in favor of his son. Defendants filed a special plea of contributory negligence contending that plaintiff's son was negligent in entering the intersection under the circumstances and travelling at a speed in excess of the lawful limit, both being a proximate cause of the accident. The lower court awarded judgment in favor of plaintiff for property damage and medical expenses incurred in the sum of $506.55, and in favor of plaintiff on behalf of his son for personal injuries in the amount of $1,500. From this judgment, defendants have perfected this appeal, contesting the liability with which they have been assessed. Plaintiff has answered the appeal asking that the award for personal injury be increased; that the sum of $500 be awarded for future medical expenses; and that Dr. Braswell, a witness for plaintiff, be considered as an expert witness and that his fee be fixed and taxed as cost. Defendants do not contest the awards made for medical expenses and property damage other than denial of liability.
The accident which forms the basis of this suit took place at the intersection of Missouri Avenue and West College Street in the City of Shreveport, Louisiana. Missouri Avenue is designated by the City at this intersection as a "through street" and as such has a speed limit of thirty-five miles per hour. At this intersection, there is a yellow blinking caution light for traffic traversing the intersection headed north on Missouri; there is both a stop sign and a red blinking light for traffic travelling west on West College.
Ronnie Smith, the minor son of Paul Smith, was driving north on Missouri at approximately 9:45 A.M. on March 19, 1960, in the family car, a 1955 Ford. Smith testified he was familiar with this intersection, and knew there was a stop sign for traffic travelling west on West College. He further testified he was travelling at about forty miles per hour when he approached this intersection and observed the automobile being driven by the defendant approaching the crossing at a very slow rate of speed. According to his testimony, he thought the defendant was going to stop and he, therefore, proceeded to traverse the intersection. As he was entering the intersection, he concluded that the other car was not going to stop. When he arrived at approximately the center thereof, his vehicle was struck in the middle of the right side.
The only fact in serious dispute is the speed of the automobile being operated by young Smith. He testified he was proceeding about forty miles per hour, while the defendants offered the testimony of two witnesses that he was travelling in excess of fifty miles per hour. The first of these witnesses was an insurance adjuster who based his estimate upon skid marks made by the Smith vehicle. He calculated the length of these marks by stepping them off, but his conclusion was shown to have been more than fifty feet in excess of an accurate measurement made by the investigating police officer who testified the skid marks were seventy-three feet, two inches in length.
The second of these witnesses was a Mrs. Spires who stated that the Smith vehicle was travelling at a high rate of speed but did not estimate such speed in miles per hour. Apparently the lower court did not accept her testimony as accurate and concluded that the speed of plaintiff's vehicle was approximately forty miles per hour. *237 We find no error in such a finding, either from the record or from the so-called "Stopping Distance Speed Charts" and we concur with our esteemed brother below in his conclusion.
It is obvious that Mrs. Phillips was negligent in her failure to come to a complete stop and to make the proper observation for approaching traffic on the favored street before entering the intersection. In fact, defendants concede negligence on her part, but contend that young Smith's speed in excess of the legal limit of thirty-five miles per hour, coupled with his failure to anticipate that the Phillips car was entering the intersection, constituted such contributory negligence that precludes plaintiff's recovery. In support of this position, defendants cite several cases including Thomas v. Checker Cab Co., 1956, 229 La. 1079, 87 So.2d 605; and Commercial Credit Corporation v. Morris, La.App. 2 Cir., 1958, 107 So.2d 563. A review of these cases shows that they are inapposite to the instant case because of the absence here of such circumstances as a preemption of an intersection by a vehicle on the inferior street (Thomas v. Checker Cab Co., supra); or failure to make the proper observation before entering the intersection (Commercial Credit Corporation v. Morris, supra).
Defendants additionally urge the applicability of Randall v. Baton Rouge Bus Co., 1960, 240 La. 527, 124 So.2d 535, 539. There, the vehicle approaching the stop sign on the inferior street was proceeding at such a speed that it should have been obvious to the driver on the favored street that the other vehicle could not stop before entering the intersection. The court stated:
"The law does not require and the courts have held in numerous cases that you are not called upon to anticipate that others will not obey traffic lights, signs and laws, but on the contrary you have the right to assume that they will." (Authorities cited).
The decision therein was predicated on a factual finding that it should have been obvious that the other vehicle was about to ignore the stop sign, thus placing a greater degree of care upon the driver proceeding on the superior street and that, under the circumstances, the driver on the favored street was negligent in not taking steps to avoid the accident.
In the instant case, Mrs. Phillips was travelling at a very slow speed and could have brought her vehicle to a stop within a very short distance. Therefore, it was not obvious that she would violate the stop sign and the driver on the favored street could rely upon the presumption that she would not disregard traffic controls.
We deem the general principle enunciated in the case of Youngblood v. Robison, 1960, 239 La. 338, 118 So.2d 431, 434 to be applicable herein. It was held therein:
"In Koob v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849, 851, where a stop sign was involved, the Court said:
"`* * * The motorist on the right-of-way street, with knowledge of the location of such a stop sign, has a right to assume that any driver approaching the intersection from the less favored street will observe the law and bring his car to a complete stop before entering the intersection, and such motorist can indulge in this assumption until he sees, or should see, that the other car has not observed, or is not going to observe, the law.'"
Excessive speed, although a violation of law, is not necessarily regarded under our jurisprudence as a proximate or contributing cause of every accident. Plaintiff is not to be denied recovery purely upon the basis of such showing unless it is established that such speed has a causal connection with the accident.
Under the facts established by this record, we are unable to conclude that the speed of the Smith vehicle was a proximate cause *238 of the accident. Young Smith had the Phillips car under observation and he had a right to assume that it likewise had him under observation. Because of its slow speed, he was justified in assuming that it would stop and accord him the right-of-way. According to his testimony, it was only after he entered the intersection that he realized the other car was not stopping as its slow speed had previously indicated. At that time, despite his application of brakes, it was impossible to avoid the accident. The point of impact was between the front of the Phillips car and the right side of the Smith car, which is a circumstantial indication that it was the Phillips car which actually struck the Smith vehicle.
Therefore, it is our conclusion that the speed of the Smith automobile was not the proximate cause of the accident, and, to the contrary, we agree with the lower court that the sole and proximate cause of the collision was the failure of Mrs. Phillips to observe the stop sign facing her as she entered the intersection.
The next issue presented for consideration is that of the proper award to make for the injuries of young Smith. In this connection, the trial judge stated in his opinion:
"The injuries to plaintiff's son consisted of a mild whiplash to his neck. At first he did not realize that he was injured, and it was only on the following day that his neck became stiff and he sought medical aid. Young Smith was a pupil attending school, and it is stated that the stiffness in his neck affected his bending forward over his desk. He consulted a physician, who procured a cervical collar, which he wore during the daytime. His neck continued to affect him and, as he was approaching the school term the following September, he was hospitalized and placed in traction for a period of five days. He testified that his neck still gave him trouble, but as we viewed him at the trial, and heard him testify, it appeared that his injury consists of discomfort, as distinguished from pain and suffering. As stated, this appears to have been a mild whiplash, causing stiffness of the neck, without much attendant pain. This discomfort has lasted a considerable length of time, and we think an allowance of $1500.00 will be ample."
We concur in this analysis of the injury and find that the award is neither inadequate nor excessive. We feel that no consideration can be given to the claim for future medical expenses as they are in the realm of speculation and conjecture. Carhee v. Scott, La.App. 2 Cir., 1954, 104 So.2d 236.
The sole remaining issue is the plaintiff's contention that expert fees should have been awarded for the testimony of Dr. Robert E. Braswell, the family and treating physician of Smith. Plaintiff prayed for this in his original petition and again urges same before us by way of an answer to the appeal. While it must be conceded that Dr. Braswell was the attending physician and testified as the result of his examination and treatment of young Smith, he also gave opinion testimony with regard to the general nature and type of injuries complained of, both on direct and cross examinations. Therefore, we feel he is entitled to be compensated as an expert witness under LSA-R.S. 13:3666. The plaintiff has asked that his fee be fixed at the sum of $50 and taxed as costs. This seems entirely reasonable and defendant has not complained as to the amount.
It is therefore, ordered, adjudged and decreed that the judgment of the court below be amended so as to fix the expert witness fee of Dr. Braswell at $50 and tax same as cost, and as thus amended, is affirmed, at appellant's costs.
Amended and affirmed.