PRICE, Judge.
Plaintiffs, Garland O. West and his wife, Lucy P. West, have appealed the judgment of the district court rejecting their demands in a tort action arising out of the collision of Mrs. West’s automobile with the rear of a pickup truck at a stop light in Bossier Cityr, Louisiana, on July 30, 1970. The defendants named by plaintiffs are Hayes McDole, owner and driver of the pickup truck; Allstate Insurance Company, the primary liability insurer of Mc-Dole, and Providence Washington' Insurance Company, his excess liability insurer.
At the time of the accident Mrs. West was engaged in the duties of her employment with the Community Action Program. Travelers Insurance Company, the workmen’s compensation insurer of her employer, has appealed from the judgment rejecting its demands as an intervenor for amounts paid to Mrs. West for disability and medical expenses under the compensation statute.
The accident happened at about 2:20 p. m. at the intersection of Barksdale Boulevard and the Shreveport-Barksdale Highway adjacent to the west entrance to Barksdale Air Force Base. Plaintiffs allege Mrs. West stopped her 1969 Pontiac automobile behind the 1969 pickup truck driven by McDole in the inside lane for southbound traffic on Barksdale Boulevard in response to a red traffic signal. The driver of the pickup truck is alleged to have bent over to pick up an object which had fallen from the seat and accidentally knocked the gear shift of the automatic transmission into reverse, causing his truck to back into the Pontiac automobile. Plaintiffs further allege the driver of the truck left the scene of the accident as the traffic light changed to green.
Defendants deny the accident happened in the manner alleged by plaintiffs, and alternatively plead contributory negligence as a bar to recovery.
On trial of the case the two drivers involved gave conflicting versions of’ the cause and severity of the accident. Mrs. West testified .the driver of the truck “revved up” his engine and suddenly shot back with considerable force into her automobile which was between eight and sixteen feet behind the truck. She contends the impact caused injury to her teeth and the cervical and lumbar regions of her back.
In his testimony McDole depicts the accident as being of very minimum impact occasioned by the rear vehicle slightly bumping the preceding one while stopped for a traffic signal. He contends he did *841 not consider the accident significant enough to justify notifying the police to make a report, and after conversing with Mrs. West for a few seconds proceeded on to his home at McDade without conceding to her suggestion they call the police. Neither party identified themselves to the other at the scene. Mrs. West wrote down the license number of McDole at the scene and upon reaching her home called the police and charged McDole with leaving the scene of an accident.
The trial judge in written reasons for judgment rejecting plaintiffs’ demands found it impossible to determine which driver caused the accident as he concluded they were of equal credibility and, therefore, plaintiffs had not borne the burden of proving their case by a preponderance of the evidence.
On this appeal plaintiffs contend the trial judge committed manifest error in not making a determination of which driver was at fault, even though it might be difficult in view of the conflicting evidence. Plaintiffs rely on the cases of Fridge v. Talbert, 180 La. 937, 158 So. 209 (1934); Nelson v. Zurich Insurance Co., 247 La. 438, 172 So.2d 70 (1965); Marcantel v. Aetna Casualty & Surety Co., 219 So.2d 180 (La.App.3rd Cir. 1969); and United Services Automobile Association v. Travelers Insurance Co., 255 So.2d 418 (La.App. 4th Cir. 1971).
Plaintiffs further contend Mrs. West’s version of the cause of the accident should be given more weight because McDole left the scene of the accident and made statements or admissions subsequent to the occurrence which make it more probable than not he was at fault.
Much emphasis has been placed on the action of McDole in allegedly leaving the scene of the accident. In argument and brief to this court plaintiffs have inferred McDole agreed to pull into an adjacent Pak-A-Sak parking area and the parties would call the police from that location. The testimony of Mrs. West does not support this contention. On cross examination she admitted McDole suggested they move the vehicles over to the Pak-A-Sak and there discuss the matter further. However, she testified she did not agree to this. There is no indication either party asked for the name or any other information from the other and was refused during the few seconds of their conversation. There was no apparent damage to either vehicle and no mention was made of injury by Mrs. West at this time. The vehicles were in the inside lane of a busy multilane thoroughfare and the minor nature of the collision would not demand they be left in the roadway pending arrival of police. We do not interpret McDole’s actions in driving on as being intended to avoid identification because of a feeling of guilt in having caused the accident.
The statements made by McDole to a deputy sheriff subsequent to the accident corroborate to some extent Mrs. West’s testimony that McDole bent over just prior to the accident. However, the testimony of the officer did not establish an admission from McDole that he moved his vehicle in reverse gear.
This is purely a factual matter and the finding of the trial judge should not be disturbed on appeal unless shown to be manifestly erroneous. Dane v. Canal Insurance Company, 116 So.2d 359 (La.App.2nd Cir. 1959), and cases cited therein.
This principle is all the more applicable where the evaluation of the credibility of witnesses is determinative of the issues before the court. We do not deem it necessary to discuss in detail the testimony given on trial, but find it sufficient to say it is irreconcilable.
The trial judge found the slight damage to the vehicles did not correspond to the violent manner in which Mrs. West depicted McDole backed his truck into her automobile over a distance of more than eight feet. From our review of the photographs of damage to the West automobile prior to *842 its being repaired, we cannot disagree with this conclusion.
The decisions in Nelson v. Zurich Insurance Company and Fridge v. Talbert, supra, cited by appellant as mandating the trial judge determine how an accident happens even though the determination is made difficult because of conflicting evidence, are limited to actions brought by guest passengers who are innocent victims of an accident.
The Marcantel v. Aetna and United Services Automobile Association v. Traveler cases, supra, also relied on by plaintiff for support of this same position, are appellate cases containing language supporting their argument. However, we do not find either of these cases are authority for relieving a plaintiff driver of the burden of proving the .negligence of the other driver by a preponderance of the evidence.
For the foregoing reasons the judgment appealed from is affirmed at appellants’ costs.
HALL, J., concurs.