DOMENGEAUX, Judge.
This is an action to recover damages for an assault and battery which is alleged to have been committed on the person of the plaintiff, Mrs. Octavie Lavergne, by the defendant, Pam Hoffpauir. Defendant in turn filed a reconventional demand against the plaintiff, alleging the same tortious conduct on the part of Mrs^ Lavergne. After trial on the merits, judgment was rendered, dismissing both plaintiffs’ principal demand and defendant’s suit in recon-vention. Costs were assessed equally between the parties. Plaintiffs (Octavie Lavergne and her husband, Telesmar) have appealed to this Court. Defendant answered the appeal, alleging that the trial court erred in not awarding judgment in her favor on the reconventional demand.
The events leading up to the altercation which brought 'about this suit are as follows : Telesmar Lavergne and his wife, Octavie, were residents of the Mire Community in Acadia Parish, Louisiana. For some time previous to September, 1973, their grandson, Rodney Cormier, lived next to the Lavergnes in a mobile home. Cor-mier made monthly payments on the house trailer to a local bank and was also apparently supposed to pay Telesmar Lavergne Ten Dollars ($10.00) rent a month for parking the trailer. Around September, 1973, the record indicates some type of oral arrangement was made between Cor-mier and a friend, Kenneth Prejean, whereby the latter gave Cormier a sum of money in return for taking up the payments on the trailer. Prejean and his wife lived in the trailer for the next several months and allegedly made two monthly payments on the mobile home. In October, 1973, the trailer was put up for sale and a local realtor, Pam Hoffpauir, (the defendant herein) decided to make the purchase. After subsequent conversations with the Prejeans, (in addition to Kenneth Prejean and Mrs. Hoffpauir signing a purchase agreement on October 15th) the defendant learned that Rodney Cormier actually *464 owned the house trailer. Allegedly, an undated cash sale was subsequently executed a few days later by Cormier and Mrs. Hoffpauir.
Thereafter, on October 24th, at about 9:00 o’clock A. M., Kenneth Prejean went to the mobile home so that he could replace the trailer wheels, which had previously been removed, in order that it could be moved to Lafayette. Prejean was in the process of trying to accomplish the aforementioned task when Mr. Lavergne approached him and told Prejean something to the effect that Cormier was behind in his rent and that the trailer was not to be moved until the rent was paid. In addition Lavergne reportedly stated that his daughter was the actual owner[1] of the trailer and that the bank had called saying no one was to touch it. As a result Prejean left the premises and called Mrs. Hoffpauir who indicated she would meet Prejean and return to the trailer after work to settle the problem. Late that same afternoon, Prejean, his wife, and the defendant returned to the trailer and were in the process of digging holes so that the wheels could be replaced, when the Lavergnes arrived. The altercation in question followed and, inasmuch as we have conflicting stories as to what happened, we will describe each separately.
Mr. Lavergne testified that upon his arrival he immediately informed Prejean that he was to stop digging holes and to leave. Lavergne stated he then took a post hole digger from Prejean and Mrs. Hoffpauir intervened, cursing Mr. Lavergne and raising her fist. Lavergne in turn told the defendant that if she hit him he would slap her face. Allegedly Mrs. Lavergne then stepped in, telling the defendant to stop cursing and that both she and Mr. Lav-ergne had heart trouble. Mr. Lavergne testified Mrs. Hoffpauir in turn struck his wife, making her glasses fly and bringing blood. He stated that Mrs. Lavergne never struck the defendant and only put her arms up to protect herself.
Mrs. Lavergne testified, essentially the same as her husband.
Pam Hoffpauir gave an entirely different version of the facts. She contends that upon the Lavergnes’ arrival, she told Mr. Lavergne that she was the new owner of the trailer and heated words followed. Allegedly, Mr. Lavergne said something about slapping her face and she told him that it was there to slap. The defendant then contends that Mr. Lavergne grabbed his wife saying something to the effect that his wife was the woman to slap the defendant and in turn allegedly shoved Mrs. Lavergne on the defendant. Mrs. Hoffpauir stated that Mrs. Lavergne slapped her first and that she (the defendant) returned the slap. Thereafter she contends Mrs. Lavergne continued to fight her while the parties were trying to break the fracas up.
Kenneth Prejean also testified similar to that of Mrs. Hoffpauir, except he stated that Mr. Lavergne did not grab his wife and push or throw her up against the defendant. It was stipulated that if Mrs. Prejean were called as a witness she would testify substantially the same as her husband.
After the fracas Mr. Lavergne stated he took his wife to the hospital where she was treated for a black eye and a cut on her arm. He also indicated that several days later she had to be admitted to the hospital because of chest pains.
From this evidence the trial judge concluded essentially that the incident was due to the mutual fault of both parties.
He accordingly rendered judgment dismissing the demands of plaintiffs and the defendant.
*465 The law is settled that a plaintiff cannot recover damages for assault and battery if he is found to have been at fault in provoking the difficulty in which the injury is received. Veillon v. Sylvester, 174 So.2d 189 (La.App. 3rd Cir. 1965); Wilkins v. Nugent, 108 So.2d 5 (La.App. 2nd Cir. 1958).
Likewise, in an action for damages for assault and battery, the burden is upon the plaintiff to establish by a preponderance of the evidence that the battery occurred and that defendant was the aggressor or that the defendant used excessive force under the circumstances. Middleton v. Shaw, 271 So.2d 358 (La.App. 2nd Cir. 1972); Wilkins v. Nugent, supra.
The issue in this case is strictly a factual one. It is well settled that the trier of fact, having observed the demeanor of the witnesses, is the best judge as to their veracity and his findings in this respect are entitled to great weight by the appellate court. When only an issue of fact is involved the party seeking to secure a reversal of the decision must show manifest error in the judgment. McDaniel v. Cormier, 200 So.2d 758 (La.App. 3rd Cir. 1967); Oubre v. Judice, 147 So.2d 745 (La.App. 3rd Cir. 1962); Carter v. Harris, 144 So.2d 472 (La.App. 4th Cir. 1962); Wilkins v. Nugent, supra; Bernard v. Stephens, 57 So.2d 771 (La.App. 1st Cir. 1952).
After a careful review of the testimony we are unable to say that the district judge committed manifest error in concluding that neither the plaintiffs (in the original demand), nor the defendant (in the re-conventional demand), sustained the necessary burden of proof, and that both were equally at fault. Middleton v. Shaw, supra; Buchert v. Metropolitan Life Ins. Co., 219 So.2d 584 (La.App. 4th Cir. 1969); Reynolds v. Roy, 215 So.2d 155 (La.App. 3rd Cir. 1968); Veillon v. Sylvester, supra; Oubre v. Judice, supra; Bernard v. Stephens, supra.
For the above and foregoing reasons the judgment of the trial court is affirmed with costs of this appeal to be assessed in equal portions to the plaintiffs and the defendant.
Affirmed.

. The plaintiff’s daughter, Mrs. Beatrice Breaux, also testified at trial that she had bought the trailer from her nephew, Rodney Cormier. The record however is not clear as to who owned the trailer on the day of the altercation.