SAVOY, Judge.
Mr. and Mrs. Gilbert Reynolds urge on appeal that the trial court committed manifest error in not holding the defendant, Charles J. Roy, Jr., liable as a result of an altercation in which Mr. and Mrs. Reynolds allegedly received personal injuries. Defendant has answered the appeal contending that the judgment appealed from is imminently correct and fully supported by the evidence adduced upon the trial of the case.
On June 21,1966, a rather hotly contested Legion election was held at the American Legion Home on Surrey Street in the City of Lafayette, Louisiana. Mr. Reynolds, a Legion member, and his wife, a member of the Ladies Auxiliary, attempted to place a long distance telephone call after the election to the American Legion Department Adjutant for the purpose of complaining *156 of the way the election ha.d been conducted. While Mrs. Reynolds was on the telephone Mr. Reynolds directed remarks to the defendant, his brother, Donald Roy, and to their 71-year-old father, Charles J. Roy, Sr., to the effect that he was not pleased with the election and might form a new Legion post. Upon hearing the comment of Mr. Reynolds, the sénior Roy countered with words to the effect that Reynolds could form a Negro post if he wished as there was none in the area. Upon hearing this Reynolds angrily stated that if he were not such an old man he would hit him. At this point defendant addressed Reynolds and stated something to the effect that if Reynolds was going to hit anybody he should hit defendant as he was the elder man’s son and more the age of Reynolds.
Although the testimony is conflicting at this point, the trial judge found that Reynolds took off his glasses, gave them to his wife and approached the defendant in a belligerent manner with clinched fists. As he approached the defendant, defendant struck Reynolds with his fist, knocking him out and causing certain injuries. The court stated:
“The Court, in essence, believes the above is generally how this altercation took place. The Court believes that the defendant’s evidence was stronger, and the Court does not mean to infer that it disbelieves the plaintiffs’ evidence. In this regard, however, the Court must state that the plaintiff himself, Mr. Reynolds was rather hazy as to exactly what happened after the initial exchange of words between plaintiff and defendant, and, of course, the Court cannot lose sight of the testimony of Mrs. Reynolds, who, on the stand, denied that her husband had taken his glasses off, when, in her answers to interrogatories, she indicated that her husband did take his glasses off. This tends to substantiate defendant’s evidence that Reynolds was aggressive in the premises.”
Mrs. Reynolds attempted to prove that defendant had also hit her several blows during the altercation, allegedly causing injuries. The evidence was highly conflicting, and the trial judge concluded that defendant did not hit her, that the most he did was to push her away when she attempted to attack him after seeing her husband felled by defendant. The trial court commented on this by saying:
“Concerning the evidence with reference to the injuries of Mrs. Reynolds, the Court concludes that if she was in fact injured, same cannot be attributed to defendant, but rather to her own activities.”
The court then added:
“There were some other little discrepancies but basically this Court must conclude that the plaintiffs have failed to carry the burden of proving their case with a preponderance of the evidence.”
We are of the opinion that the judgment rendered by the trial court is not manifestly erroneous and is amply supported by the evidence. The trial court stated that it knew all the litigants and their families and recognized them to be good substantial law-abiding citizens and considered the difficulty that arose “ * * * was the result of a relatively momentary emotional exchange because of a parochial Legion election.” With this finding we are in accord.
For the reasons assigned, the judgment appealed from is affirmed at appellants’ costs.
Affirmed.